## JOSEPH GARTSIDE

*v.*

## THE CITY OF EAST ST. LOUIS *et al.*

1. INJUNCTION — *to restrain a municipal corporation.* Even if an injunction can be decreed to restrain a corporation from the abuse of its franchises, by the adoption of ordinances and acts, which will produce injury to individuals, it must appear that the acts complained of are unauthorized, injurious, and of such a character that proceedings at law will not afford adequate and full relief.

2. CITY — *its charter — license required by ordinance.* Where a city charter authorizes the common council, to direct, license and control all wagons and other vehicles carrying loads within the city, an ordinance adopted under the charter, requiring persons transporting coal in such vehicles from places within to places outside the city, to obtain a license before such transportation can be made, is not unreasonable and will be sustained if the sum required to be paid therefor is reasonable.

3. SAME — *restraint of trade.* Such an ordinance is not in restraint of trade any more than requiring pedlars, brokers, factors, ferrymen, hackmen and others, to procure a license to exercise their various callings and pursuits. They are all required to submit to reasonable exactions. The city being required to keep its streets in repair, it is but reasonable, that those who constantly use them with such vehicles should contribute to their repair, by submitting to the payment of a reasonable sum for a license.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was a suit in chancery, brought by Joseph Gartside, in the St. Clair Circuit Court, against The City of East St. Louis, to restrain the enforcement of an ordinance, requiring persons, hauling coal in wagons within the city limits, to first procure a license for the purpose. The bill alleges that the complainant was largely engaged in mining and transporting coal through the city; that it was brought by rail from the mine to the depot in the city, and thence by a number of four-horse teams and wagons, through a portion of the city to a boat on the Mississippi river, which conveyed it to St. Louis; that the general assembly, by an act adopted in February, 1865,

authorized the city of East St. Louis, to "direct, license and control wagons and other vehicles conveying loads within the city, and prescribe the width and tire of the same;" that the city adopted an ordinance by which persons, transporting stone coal from places without to places within the city, and from places within to places without the city, by wagons or other vehicles, are required to obtain a license for the purpose, and imposing a penalty for failing to comply with the ordinance; and it fixed the sum to be paid for such license at ten dollars for each vehicle drawn by more than two animals.

The bill prays an injunction to restrain the city from suing for penalties claimed to have been incurred by a failure by complainant to obtain licenses for his various teams thus employed. A temporary injunction was granted by the master in chancery. Defendant filed a demurrer to the bill, which, on being heard by the court, was sustained, and a decree rendered dismissing the bill. Complainant thereupon prayed an appeal, and brings the case to this court and assigns for error the dismissal of his bill.

Mr. W. H. UNDERWOOD, for the appellant.

1. An injunction lies to restrain a municipal corporation against an abuse of its franchise which would occasion a permanent injury to an individual, to prevent a multiplicity of suits, or where it is acting without authority of law. *Hill* v. *Commissioners, etc.,* Parsons, Eq. C. 507; *Oakley* v. *Trustees, etc.,* 6 Paige Ch. 262; *Keene* v. *Bristol,* 26 Penn. St. 46; *Smith* v. *Bangs,* 15 Ill. 400; *C. R. R. Co.* v. *McLean Co.,* 17 id. 291; *Chicago, etc.,* v. *Frary,* 22 id. 37; *Ottawa, etc.* v. *Lindley,* 21 id. 605; *Shute* v. *C. and M. R. R. Co.,* 26 id. 436; *Davis* v. *Mayor, etc.,* 1 Duer, 451; 2 Story's Eq. Jur. §§ 927, 928; *Baldwin* v. *Buffalo,* 29 Barber, 396; *People* v. *New York,* 32 id. 35; *Brandenburgh* v. *Baker,* 32 Ill. 184; *Toledo, etc.,* v. *Lafayette,* 22 Ind. 263; *Miller* v. *Gorman,* 38 Pa. St. 309; *Wood* v. *Draper,* 24 Barb. 187.

2. A license is authority to do what would be otherwise unlawful. Surely it is not unlawful for a man to haul his

property out of the city of East St. Louis! Nor is hauling one's own coal with one's own team a "franchise or privilege" that may be licensed under section 2, article 9 of our State Constitution. See *People* v. *Thurber*, 13 Ill. 555, 2 Black. Com. 37. A franchise or privilege is a peculiar benefit or advantage conferred on some persons beyond the common advantages of other citizens. 1 Black. Com. 271, 372; Webster's Dictionary, title "Privilege."

3. The power to pass such ordinances is in restraint of trade and should be strictly construed. *Dunham* v. *Rochester*, 5 Cowen, 462; *Caldwell* v. *City of Alton*, 33 Ill. 416; *City of Boston* v. *Shaw*, 1 Metc. 130; Sedg. C. L. 466; *Shelton* v. *Mayor of Mobile*, 30 Alabama, 540.

Messrs. UNDERWOOD & DAVIS, for the appellee.

1. The first proposition in appellant's brief is too general, and no case is cited analogous to the issue pending.

2. Although previously the appellant had a lawful right to travel through the city of East St. Louis, it was competent for the legislature of the State to impose terms and conditions, such as a license, for the purpose of improving and keeping in repair the streets of said city, upon him, and all other persons who travel through the same, just as they impose tolls upon all farmers who travel over corporation turnpikes.

3. The objection, that the charter, ordinance and license, are "*in restraint of trade,*" has no application to this case, notwithstanding the general principle established by the authorities cited, — *as the effect of all licenses is to restrain trade, without a license ;* a farmer going to market is taxed at the toll gates, etc., etc.

4. The charter and ordinances are both constitutional; and, for the purpose of keeping the streets in repair, are very properly adopted.

5. The appellant has a complete remedy at law, if the ordinance *is not authorized* by the charter, or if the charter is unconstitutional. *West* v. *Mayor*, 10 Paige, 539 ; *Burnet* v. *Craig*, 30 Ala. 135.

4 — 43D ILL.

6.   An injunction will not be granted to restrain a municipal corporation from enforcing an invalid ordinance.   *Burnet* v. *Craig*, 30 Ala. 135 ; *West* v. *Mayor*, etc., 10 Paige, 539.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

This record presents the question, whether the city of East St. Louis exceeded its authority in adopting and endeavoring to enforce an ordinance preventing persons from hauling stone coal through the streets, in wagons or other vehicles, without first procuring a license for that purpose.   It appears from the record that appellant is largely engaged in the business of mining, transportation and sale of coal; that he, when the bill was filed, employed about sixteen four-horse teams, in hauling coal through the town of East St. Louis.   And, from the extent and character of his business, these teams must have passed and repassed almost constantly.   This, then, renders the repair of the streets more expensive and more necessary from the fact, that his vehicles seem to be large and heavy. For the comfort and convenience of the citizens of the place, as well as persons not residing therein but traveling on its streets, it is necessary that they should be repaired and kept in good condition.

It is urged, that a bill for an injunction may be maintained to restrain a corporation from abusing its franchises, when their acts will occasion a permanent injury.   Even conceding this to be true, it must appear that the acts complained of are unauthorized and injurious, and of such a character that full and adequate relief cannot be had at law.

Was this ordinance requiring the payment of this license authorized by the charter of the city ?   The 56th section (Private Laws, 1865, p. 350) declares, that the common council shall have power to direct, license and control all wagons and other vehicles conveying loads within the city, and prescribe the width and tire of the same.   The ordinance under which the right to proceed against appellant is claimed, declares, that no

person shall, without complying with the ordinance, hire out or keep for hire, or use or cause to be used, for him, in the transportation of persons or property from one part of the city to another, or from places within to places without the city, or from beyond the city to the city, any hackney carriage, omnibus, dray, cart, wagon or other vehicle. It requires the owner of any such vehicle to take out a license, according to a schedule of rates named in the ordinance.

Subsequently, this ordinance was amended, by which persons transporting coal in such vehicles, from places in to places out of the city, or from within to without the city, whether hired, kept for hire, or used by the owner, were required to obtain the license provided for by the ordinance. Thus, it will be seen that the charter authorizes the ordinance, and the latter requires that a license shall be obtained before such wagons and teams can be employed in transporting coal in or through the city.

But it is insisted, that the ordinance is unreasonable, and in restraint of trade, and is therefore invalid. We do not perceive the force of this objection. That it, like all other licenses, restrains trade without a compliance with the law, is, in a limited sense, true. The law prohibiting the sale of intoxicating drinks is of the same character, but it will not be seriously contended, that it is in restraint of trade to the extent that prohibits the enforcement of the law. The same is true of pedlars, brokers, factors, ferrymen and hackmen, the right to require licenses of whom has never been questioned. In this case appellant, like the owner of a team passing over a toll bridge or ferry, must submit to a reasonable exaction. So, of a turnpike, or a plank-road. In this case as in those, the corporation is required to keep the streets in repair, and it is but reasonable and just that persons using them shall contribute to a reasonable extent to the expense of, and outlay for the purpose.

Is this ordinance reasonable? If so, then the city has the right to enforce it. When it is remembered, that appellant was using heavy wagons with four-horse teams, heavily loaded, and this constantly, we must regard the tax imposed for the

license not only reasonable but even low. If the corporation were to attempt to impose such fees for a license as to become unreasonable and oppressive, then the corporate body would transcend their power, and such acts would be unauthorized and invalid. But such is not the fact in this case, and the decree of the court below must be affirmed.

*Decree affirmed.*