---

(No. 11259.—Reversed and remanded.)
GEORGE B. HEARTT *et al.* Appellants, *vs.* THE VILLAGE OF DOWNERS GROVE, Appellee.

*Opinion filed April 19, 1917.*

1. CONSTITUTIONAL LAW—*amended section 12 of Motor Vehicle act is not unconstitutional.* Section 12 of the Motor Vehicle act, as amended in 1915, (Laws of 1915, p. 592,) providing that no municipality shall require non-resident owners of motor vehicles to pay a license fee for the use thereof and limiting the fees to be exacted from resident owners, is based on a reasonable and valid classification and is not unconstitutional.

2. SAME—*courts will not pass upon wisdom of an act concerning the exercise of police power.* The police power is far-reaching, and the courts will not pass upon the wisdom of an act passed in the exercise of that power but they will pass upon the question whether such act has a substantial relation to the police power.

3. SAME—*reasonable classification based on residence in municipality is not invalid.* Ordinances and statutes making different provisions for people residing in municipalities than for those residing outside are valid if the classification is based upon a reasonable distinction, and they will not be held unconstitutional because they result in some practical inequalities.

4. MOTOR VEHICLES—*an ordinance requiring license fee of non-resident owners of motor vehicles is invalid.* The Motor Vehicle act was intended to bring the whole subject of regulating the use of motor vehicles under the control of the State, and a village ordinance imposing a license fee on motor vehicles not used for the

pleasure of the owner thereof is void as to non-resident owners of such vehicles, as amended section 12 of the Motor Vehicle act forbids the imposing of municipal license fees on motor vehicles of non-resident owners, whether the vehicles are used for commercial purposes or otherwise.

APPEAL from the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

BUNGE & HARBOUR, for appellants.

AUBREY B. SNOW, and WILLIAM KARR STEELE, (LEON HORNSTEIN, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of DuPage county seeking to enjoin the village of Downers Grove, in said county, from enforcing a certain ordinance passed by said village August 14, 1916, regulating the use of wagons, motor vehicles, motor bicycles and other vehicles in said village and requiring the payment of a license fee therefor. The complainants were eleven residents and tax-payers of said village and a physician who resided just outside of the village limits, and the bill states that forty-two other persons similarly situated join therein for the purpose of sharing the costs. of litigation. The village demurred to the bill, and on a hearing the court sustained the demurrer and dismissed the bill for want of equity. The trial court thereupon granted a certificate under the provisions of the statute, stating that the questions involved were of such importance that the case should be brought directly to this court.

Counsel for appellants earnestly argue that section 12 of the Motor Vehicle act, as amended June 28, 1915, and upon which the ordinance in question was based, is unconstitutional in not being uniform as to the classes upon which it operates. Said section reads, in part, as follows: "No owner of a motor vehicle or motor bicycle who shall have obtained a certificate from the Secretary of State and paid

the registration fee as hereinbefore provided, shall be required by any city, village, town or other municipal corporation within the State other than that within which said owner resides to pay any tax or license fee for the use of such motor vehicle or motor bicycle; and no owner of a motor vehicle, except motor trucks and motor-driven commercial vehicles and motor vehicles which are used for public hire, or motor bicycles, who shall have obtained such certificate and paid said fee shall be required by the city, village or town within which he resides (if he resides within a city, village or town) to pay a tax or license fee for the use of such motor vehicle or motor bicycle in excess of the sum of $10 per annum for motor vehicles or motor bicycles of thirty-five horse power or less," etc. (Laws of 1915, p. 592.) The section further provides for the classification as to fees that may be charged by said cities, villages and towns for motor bicycles or motor vehicles other than motor trucks, motor-driven commercial vehicles and those used for public hire, the fee differing according to the size of the municipality and horse-power of the motor.

Many of the questions raised in appellants' brief as to the authority of municipalities to enact wheel-tax ordinances and to impose and collect license fees under clause 96 of section 1 of article 5 of the Cities and Villages act (Hurd's Stat. 1916, p. 309,) have been passed on adversely to appellants' contentions by this court in *Harder's Storage Co.* v. *City of Chicago,* 235 Ill. 58, and *Harder* v. *City of Chicago,* 235 id. 294, and need not be further commented on here.

The arguments urged against the constitutionality of amended section 12, as enacted in 1915, have been directly or indirectly passed upon by this court in *Ayres* v. *City of Chicago,* 239 Ill. 237, *People* v. *Sargent,* 254 id. 514, *City of Chicago* v. *Shaw Livery Co.* 258 id. 409, *City of Chicago* v. *Francis,* 262 id. 331, and *City of Lincoln* v. *Dehner,* 268 id. 175, in discussing somewhat similar provisions in section 12 as it was originally enacted. (Laws of 1911,

p. 493.)   It was stated in the opinion in more than one of
these cases that it was the manifest purpose of the legisla-
ture, in enacting the law of 1911 with reference to motor
vehicles, to bring the whole subject of regulating the use of
motor vehicles under the control of the State; that automo-
biles were extensively used in making tours of considerable
distance, in which many cities, villages and towns would be
visited; that the legislature did not intend that the owner of
an automobile should be held up and made to pay a license
fee or tax by the authorities of every city, town or village
which the owner visited or passed through.   The reading of
amended section 12 of the Motor Vehicle law shows plainly
that the legislature enacted this amended section for the ex-
press purpose of complying with the rules laid down in the
decisions just referred to and with the intention of mak-
ing clear just when the local municipalities could require a
license fee or tax from motor vehicles.   The classification
provided by said section 12 beside that of the residence of
the owner is (1) motor trucks, motor-driven commercial
vehicles and motor vehicles used for public hire; and (2)
motor vehicles not belonging to the first mentioned class and
motor bicycles.   The latter portion of this section has ref-
erence to the amount of the tax or license fee which may be
required from residents of the municipality imposing such
tax or fee.   It limits the amount which may be levied on
residents for the class of vehicles designated above as class 2
and does not prescribe the maximum amount for class 1.
There is no power given by this section to municipalities to
impose a tax or license fee on non-residents of such munici-
pality.   On the contrary, the section states that no such tax
or fee shall be required of non-residents.   It seems clear
from reading the opinions in the five cases last cited that
this court considered such classification by the statute valid.
To hold the classification above set forth in said amended
section 12 unreasonable, and the statute therefore void,
would, in effect, overrule the conclusions reached in the

cases just referred to. We have given the arguments urged by counsel for appellants due consideration and re-affirm the conclusions reached in former decisions on this subject.

This statute, if valid, must be based on the police power of the State. The test of reasonableness required in a statute based on such power as to whether it is in violation of the constitution is whether in its attempted regulation it makes efficient constitutional guaranties and conserves rights or is destructive of inherent rights. (*Mehlos* v. *Milwaukee,* 37 Ann. Cas. 1102.) The police power is very broad and far-reaching. While the courts will not pass upon the wisdom of an act concerning the exercise of the police power, they will pass upon the question whether such act has a substantial relation to the police power. *Mugler* v. *Kansas,* 123 U. S. 623; *People* v. *Weiner,* 271 Ill. 74.

The chief argument by counsel for appellants to show the invalidity of this provision of the statute is that it treats those who reside within the city, village or municipality differently from those who reside outside. Ordinances and statutes that provide different provisions for people residing in municipalities from those residing outside are almost universally held valid if the classification is based upon a reasonable distinction. Such a law is not unconstitutional because it results in some practical inequalities. The question of classification is primarily for the State legislature and only becomes a judicial question when the legislative action is clearly unreasonable. All so-called local option legislation is based upon this principle. The decisions are numerous upholding such legislation and other legislation of a somewhat similar character. (*Adams* v. *Beloit,* 47 L. R. A. [Wis.] 441.) Of like nature are laws providing different rates of assessment for local improvements and laws providing penalties for the violation of an act other than and different from those provided for the same or similar acts in other parts of the State. (*People* v. *Gordon,* 274 Ill. 462, and cases there cited.) The residents of a city or

village, as a class, use the streets more, and are therefore more benefited by having them kept in good repair, than those who do not live in such city or village. True, those living outside of the municipality also use the streets with their automobiles, wagons and other vehicles, and some non-residents may use the streets just as much as certain residents of the city, but as a class they do not do so, and this necessarily furnishes a reasonable basis for the distinction made in this act between the two classes. (*Fort Smith* v. *Scruggs,* 70 Ark. 549.) An examination of the cases cited in notes to *Mark* v. *District of Columbia,* 37 L. R. A. (N. S.) 440, *Dalton* v. *Brown & Co.* 42 id. 506, and *Hawthorn* v. *Natural Carbonic Gas Co.* 23 id. 436, will show that by the weight of authority said amended section 12 of the Motor Vehicle act must be held constitutional.

Counsel for appellants further insist that if this amendatory act of 1915 be held constitutional this ordinance must be held invalid as being contrary to the provisions of said statute. The ordinance in question provides in section 1 as follows: "It shall be unlawful for any person, firm or corporation residing within the village of Downers Grove to use, or cause or permit any of his or its agents or employees to use, any motor vehicle for pleasure upon the streets, avenues or alleys of the village unless such vehicle be licensed as hereinafter provided. It shall also be unlawful for any person, firm or corporation to use, or cause or permit any of his or its employees to use, any wagon or other vehicle, other than a motor vehicle used for the pleasure of the owner thereof, upon the streets, avenues and alleys of the village unless such wagon or other vehicle be licensed as hereinafter provided." Section 2 provides for the method of obtaining a license by the applicant from the village authorities. Section 3 prescribes the amount of the license fee to be paid. Section 4 provides for a license tag. Section 5 imposes a penalty for violation of the ordinance. The other sections of the ordinance have reference to the construction,

278 — 7

repeal of former ordinances and the time of taking effect of this ordinance.

As stated before, the legislature clearly intended to bring the whole subject of regulating the use of motor vehicles under the control of the State. The reasons for this have been stated at length in the decisions of this court heretofore cited. Municipal corporations are limited to powers granted in express words or those necessarily implied or incident to the powers expressly granted. (*City of Springfield* v. *Postal Telegraph Co.* 253 Ill. 346; *City of Chicago* v. *Ross,* 257 id. 76.) Said amended section 12 provides, in express terms, that no municipality shall require a tax or license fee from any person residing outside of said municipality. The first section of this ordinance provides otherwise. It authorizes the said village to impose a license fee on motor vehicles not used for the pleasure of the owner thereof and owned by a person not residing in said village. A vehicle of one of the appellants, Dr. Bebb, apparently comes within this classification, being used by him in making his professional visits. Doubtless, from the allegations of the bill, other owners or persons not residing in the village are using motor vehicles in a similar manner as the doctor. Said amendatory act of 1915 does not permit the imposing of license fees on motor vehicles of non-resident owners, whether used for commercial purposes or otherwise. In order to be valid, ordinances of municipalities with reference to licensing motor vehicles must follow the classification expressly provided in said section 12. This ordinance does not do so and therefore must be held invalid.

The decree of the circuit court is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.   *Reversed and remanded.*