(No. 13197.—Reversed and remanded.)

J. J. ROBBINS *et al.* Appellees, *vs.* THE CITY OF HERRIN *et al.* Appellants.

*Opinion filed April 21, 1920—Rehearing denied June 3, 1920.*

1. MUNICIPAL CORPORATIONS—*council may amend the record of passage of ordinance in accordance with the facts.* The city council has the right to amend its journal at any time so as to make the record show the facts in regard to the action of the council in passing an ordinance, and in an action to enjoin the enforcement of the ordinance it is not error for the court to permit the amendment of the journal to be received in evidence.

2. SAME—*when stipulation by city does not prevent amendment of record of passage of ordinance.* In an action to enjoin the enforcement of an ordinance a stipulation by the city to refrain from prosecuting any cases under the ordinance and that the matters involved remain *in statu quo* until final hearing on the bill cannot be regarded as an agreement not to amend a defective record of the passage of the ordinance.

3. SAME—*when ordinance for licensing horse-drawn vehicles is not invalid as being discriminatory.* An ordinance making it unlawful for any resident of a city to use horse-drawn vehicles for hire upon the streets or alleys without a license is not invalid as discriminating between the residents and non-residents of the city. (*Heartt* v. *Village of Downers Grove,* 278 Ill. 92, followed.)

4. SAME—*when an ordinance does not violate statute requiring license fees to be paid into treasury.* The provision of an ordinance for the licensing of horse-drawn vehicles requiring that the city

clerk shall receive the license fee before a license is issued does not violate the requirement of section 6 of article 5 of the Cities and Villages act that all license fees shall be paid into the city treasury, where the fee, when collected, is paid into the treasury.

5. SAME—*when ordinance for licensing horse-drawn vehicles is not objectionable in requiring information of owners.* The requirement of an ordinance for the licensing of horse-drawn vehicles that the applicant for a license shall give his name and address and the number and description of horse-drawn vehicles kept by him, and "such other information as may be prescribed," is not subject to the objection that it leaves to the discretion of an unnamed person what other information may be required, as the city council is the only authority having power to prescribe what information shall be required, and the character of such information must be prescribed by ordinance.

APPEAL from the City Court of Herrin; the Hon. A. D. MORGAN, Judge, presiding.

CHARLES C. MURRAH, and HOSEA V. FERRELL, for appellants.

THOMPSON & THOMPSON, for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Eight residents of the city of Herrin filed a bill in the city court of the city of Herrin on behalf of others similarly situated as well as themselves, averring that they were engaged in the business of teaming, using horse-drawn vehicles on the streets, alleys and public highways of the city; that the city council attempted on July 28, 1919, to pass an ordinance requiring the payment of license fees for such horse-drawn vehicles as the complainants were using, but that the journal of the city council did not show that a yea and nay vote was taken on the passage of the ordinance, as required by the statute; that it did not appear by the journal of the council that the ordinance was passed by the vote of a majority of all the aldermen elected in the city, and that the ordinance was presented and read the first time

at that meeting of the city council and the rules of the council were not suspended by a vote of the council before passing the ordinance. Attached to the bill as an exhibit is a copy of the ordinance, which provides that it shall be unlawful for any person residing within the limits of the city of Herrin, or any firm whose members reside within the city, or any corporation whose principal place of business is within the limits of the city, to use, or cause or permit any of his or its agents or employees to use, any horse-drawn vehicle for hire, in the transportation of persons or property upon the streets, avenues or alleys of the city, unless licensed as provided in the ordinance. Section 2 provides that upon application to the city clerk and payment of the license fee to him the application shall be transmitted to the mayor, who shall cause a license to be issued, attested by the city clerk. Section 3 fixes the amounts of the license fees. Section 4 provides that a license shall be issued for a period of one year from its date, and shall be transferable, in case of sale of a vehicle, upon application to the city clerk and the payment of a fee of twenty-five cents. Section 5 provides that the revenues derived from such license fees shall be kept in a separate fund and used only for the up-keep, improvement and repair of the streets, avenues and alleys of the city. Section 6 provides a penalty of not less than $10 nor more than $200 for a violation of the ordinance. The bill alleges the ordinance is illegal and void because it discriminates between persons residing within the city limits and persons residing without the city limits, because the license fees are made payable to the city clerk instead of the city treasurer, and because it requires that persons desiring a license shall furnish, in the application therefor, to the city clerk, among other things, "such other information as may be prescribed," but does not state what officer or person shall prescribe what other information shall be furnished or what it shall cover. The bill alleges that the city, through its officers, is threatening to

enforce the ordinance by arresting and prosecuting the complainants and others engaged in the same business, and prays for an injunction restraining the city and its officers from enforcing the ordinance.

An answer was filed, the cause was heard and a decree was rendered finding that the ordinance was passed on July 28, 1919; that persons living outside the city now operate horse-drawn vehicles of the kind covered by the ordinance for hire on the streets, alleys and ways of the city in competition with the residents of the city without being required to pay a license fee under the provisions of the ordinance; that the complainants and more than a score of others similarly situated, residents of the city, are engaged in the business of operating horse-drawn vehicles for hire on the public streets and ways of the city, and that it was necessary for them to join in this bill for injunction to avoid a multiplicity of suits. The court further found that the ordinance contained illegal provisions, and the same is illegal, discriminatory, *ultra vires* and void and its enforcement should be enjoined. A decree was entered perpetually enjoining the enforcement of the ordinance. The defendants appealed, the court certifying that the validity of an ordinance was involved and the public interest required an appeal to the Supreme Court.

The court found that the ordinance was passed on July 28, 1919. This finding was based on amendments of the record of its proceedings which were made by the city council after the commencement of the suit. The journal of the proceedings of July 28, 1919, in regard to the passage of this ordinance, as originally made by the city clerk, was as follows: "Moved by Ward, seconded by Grizzell, that ordinance No. 275 be adopted. Carried unanimously." At a meeting held on September 8 the council adopted a resolution directing the city clerk to amend the minutes of the city council of July 28, 1919, by adding the following in line 20 from the top, "All voting yea." Thereupon the clerk

added those words to the above record of July 28. Afterward, at a meeting of the city council on November 10, a resolution was adopted reciting that the original minutes of the city council of July 28, 1919, are ambiguous and uncertain in meaning and do not state in detail the acts and doings of the council on that date and the council desire that the minutes shall be full and complete, therefore it was resolved that the minutes be amended so as to read as follows: "That the minutes of the city council of the city of Herrin, Illinois, on July 28, 1919, be corrected and amended to read as follows, that is to say: * * * And now ordinance No. 275, entitled 'An ordinance concerning the licensing of horse-drawn vehicles,' was presented and read. Thereupon alderman Miller moved that said ordinance No. 275 be referred to the ordinance committee, which said motion was seconded by alderman Weir. The mayor put the question and instructed the clerk to call the roll, which was done, and the following aldermen, viz., J. S. Layman, W. A. Perrine, J. A. Ward, Pete Weir, H. A. Cowan, J. E. Grizzell, T. M. Treece and Will Miller, voted yea and no alderman voted nay. Thereupon the mayor declared said motion duly carried. And now comes the ordinance committee and returns said ordinance No. 275 to the council with their recommendation of its passage. And now ordinance No. 275 is again read to the council, and thereupon alderman Ward moved that said ordinance No. 275, entitled 'An ordinance concerning the licensing of horse-drawn vehicles,' be passed as a whole as read, which said motion was duly seconded by alderman Grizzell. Thereupon the mayor put the question and instructed the clerk to call the roll and take the yea and nay vote, which was done, and the following aldermen voted yea, viz., J. S. Layman, W. A. Perrine, J. A. Ward, Pete Weir, H. A. Cowan, J. E. Grizzell, T. M. Treece and Will Miller, and no alderman voted nay, and the mayor declared said ordinance No. 275 duly and unanimously adopted and passed."

The original record was defective in not showing a yea and nay vote, as required by the statute, but the defect was cured by the amendment of November 10, which shows that a yea and nay vote was taken, and the ordinance was legally passed.

The appellees have assigned cross-errors on the action of the court in permitting the appellants to introduce the evidence of these amendments. The city council had the right to amend its journal at any time so as to make the record show the facts in regard to the action of the council, and it was not error for the court to permit the amendments to be received in evidence. *People* v. *Zellar,* 224 Ill. 408.

It is argued that the amendments were made in violation of a stipulation made on September 12 that the city, its officers and agents, "refrain from prosecuting any cases under the ordinance No. 275 involved herein and matters remain *in statu quo* until final hearing on the bill." This stipulation referred only to the action of the city in regard to the enforcement of the ordinance. It cannot be regarded as an agreement of the city not to perfect the defective record of the passage of the ordinance.

One of the objections to the ordinance which the court found in its decree is that it is discriminatory, and counsel contend that the discrimination between residents and non-residents of the city is a fatal objection to the ordinance. The same objection was made in the case of *Heartt* v. *Village of Downers Grove,* 278 Ill. 92, to an ordinance which made it unlawful for any person, firm or corporation residing within the village of Downers Grove to use, or cause or permit any of his or its agents or employees to use, any motor vehicle for pleasure upon the streets, avenues or alleys of the village unless such vehicle be licensed as provided in the ordinance, and it was held that the objection could not be sustained.

Section 6 of article 5 of the Cities and Villages act requires all fines and forfeitures for the violation of an ordi-

nance, when collected, and all moneys collected for license or otherwise, to be paid into the treasury of the corporation at such times and in such manner as may be prescribed by ordinance. It is insisted that the ordinance is inconsistent with this section in providing for payment of the license fee to the city clerk and not the treasurer before the issue of the license. The ordinance requires the license to be issued by the mayor and attested by the city clerk, and the requirement that the clerk shall receive a license fee before the license is issued is not inconsistent with the requirement that all moneys collected for licenses shall be paid into the treasury of the corporation. This provision does not prevent the council from authorizing the collection of money by the city clerk, but it requires the money, when collected, shall be paid to the city treasurer.

The ordinance also provides that the application for the license shall set forth the name and address of the applicant, a description of the horse-drawn vehicle for which the license is desired, the place where such vehicle is kept when not in use, the number and kinds of other horse-drawn vehicles kept by the applicant at that place, "and such other information as may be prescribed." The objection is made that this provision is unreasonable, indefinite, uncertain and inquisitorial and may interfere with the liberties of the citizen, being left to the discretion of some unnamed person. The "other information" required to be set forth in the application is not left to the discretion of any person but is only such information as may be prescribed. The only authority having power to prescribe what information shall be required is the city council, and such information must be prescribed by ordinance.

The decree of the city court will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*