## City of Benton, Appellee, v. J. A. Whaley, Appellant.

1. MUNICIPAL CORPORATIONS—*ordinance requiring nonresident taxicab driver to pay license void under Motor Vehicle Act.* A city ordinance making it unlawful for any person to use a motor-driven commercial vehicle for the carriage of persons for hire over the streets of the city without first paying an annual license to the city so to do, and providing a penalty for its violation, is void under the provisions of the Motor Vehicle Act of 1919, sec. 26, Cahill's Ill. St. ch. 95a, ¶ 27, that no owner of a motor vehicle who has paid the State registration fee and obtained a certificate shall be required by any city other than that within which he resides to pay any tax or license fee for the use of such vehicle, as applied to a taxicab driver residing and having all his business outside such city but making casual trips into the city and occasionally picking up passengers therein.

2. APPEAL AND ERROR—*submission of propositions of law to court sitting without jury not prerequisite to review of facts.* The submission of propositions of law to a trial court sitting without a jury is not an essential prerequisite to the right of the Appellate Court to review questions of fact on appeal direct to that court from the circuit court.

Appeal by defendant from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1923. Reversed with finding of facts. Opinion filed July 2, 1923.

GEORGE A. HICKMAN, J. E. CARR and GEORGE SAWYER, for appellant.

WILLIAMS, LEWIS & COFFEY, for appellee; C. B. TEAGUE, City Attorney.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant, J. A. Whaley, was arrested on a warrant issued by a police magistrate of the City of Benton charging him with driving a motor vehicle for hire on January 15, 1922, within the corporate limits of that city without a city license. On the trial a jury found him guilty and a fine was assessed against him in the sum of $25. He appealed to the circuit court of Franklin county where a jury was waived and the case tried before the court. That court, in the judgment entered in this matter, found that appellant was not a resident of the City of Benton, but adjudged him guilty of the offense charged and assessed a fine against him in the sum of $25. To reverse that judgment this appeal has been perfected.

There does not seem to be any dispute or controversy concerning the facts in this case. Appellant does not live within the City of Benton but resides in West City, which is nearby but not a part of the City of Benton. He there operates a garage business with taxi service, taking passengers wherever they may

desire to go, some of his trips necessarily being in, about and through the City of Benton. He has a telephone for which he pays rent installed in the place of business of the Rexall Taxi Company, located in a drug store on the public square in Benton, but he does not keep his cars there nor bear any of the expense of maintaining said taxi stand. His custom has been to pick up passengers and stop his car wherever it is convenient. There was in force at the time named an ordinance within the City of Benton referred to as ordinance No. 184. Section 304 of chapter 36 of said ordinance provides that: ''It shall be unlawful for any person, firm or corporation to use or to cause or permit any of his or its agents or employees to use any motor-driven commercial vehicle in the transportation of persons or property upon the streets, avenues or alleys of the City of Benton, Illinois, unless such vehicle be licensed as thereinafter provided.''

Section 305 defines what is included in the terms ''Motor Vehicle'' and ''Motor-Driven Commercial Vehicle.'' Section 306 provides the manner in which such license shall be applied for and issued. Section 307 provides for the payment of an annual license fee of $25. Section 308 provides that such license fees shall be kept in a separate fund and used only for street and alley improvement or repair. Section 309 provides for a penalty of not less than $25 nor more than $200 for each and every violation of said ordinance.

It is the contention of appellant that said provisions of this ordinance do not apply to a person not residing within the City of Benton, and that such a person cannot be required to pay a license thereunder, and that therefore appellant, who, it is admitted, is not a resident of the City of Benton, cannot be held to be guilty of a violation of that ordinance under the facts in this case.

If the City of Benton is without authority in law to enact an ordinance requiring a nonresident to pay a

license for the operation of Motor Commercial Vehicles upon its streets and alleys, then appellant cannot be found guilty under this ordinance and the judgment must be reversed.

Municipal corporations in the enactment of ordinances are limited to powers granted in express words or those necessarily implied or incidental to the powers expressly granted by statute. (*Heartt v. Village of Downers Grove,* 278 Ill. 92; *City of Springfield v. Postal Tel.-Cable Co.,* 253 Ill. 346; *City of Chicago v. Ross,* 257 Ill. 76.) However, it is not necessary to consider whether the enactment of the ordinance in question, so far as it applies to a nonresident, is within the implied powers of the City of Benton or not, since, in our opinion, the enactment, of such an ordinance is expressly prohibited by the statute. Section 26 of the Motor Vehicle Act of 1919 provides, among other things: "No owner of a motor vehicle or motor bicycle who shall have obtained a certificate from the Secretary of State and paid the registration fee as hereinbefore provided, shall be required by any city, village, town or other municipal corporation within the State other than that within which said owner resides to pay any tax or license fee for the use of such motor vehicle or motor bicycle." (Cahill's Ill. St. ch. 95a, ¶ 27.) Section 12 of the Motor Vehicle Act as amended June 28, 1915, contained substantially the same provision as above quoted from section 26 of the present Act. In *Heartt v. Village of Downers Grove, supra,* the Supreme Court held that section of the 1915 Act to be constitutional, stating in the opinion handed down that it was the manifest purpose of the legislature by the act of 1911 to bring the whole subject of regulating the use of motor vehicles under the control of the State; that amended section 12 was enacted to make clear just which local municipalities could require a license, a fee or tax from motor vehicles; that the act of 1915 did not permit the im-

position of the license fees on motor vehicles of nonresident owners whether used for commercial purposes or otherwise; that in order to be valid, ordinances of municipalities with reference to licensing motor vehicles must follow section 12 of the 1915 Act. The Supreme Court also, in effect, held in *City of Lincoln v. Dehner,* 268 Ill. 175, that an ordinance imposing a license fee on motor vehicles not used for the pleasure of the owner was void as to nonresident owners of such vehicles; and that the purpose of the Motor Vehicle Law of 1911 was to bring the whole subject of regulating the use of motor vehicles under the control of the State. In the case of *Robbins v. City of Herrin,* 293 Ill. 133, it was contended that an ordinance which provided it was unlawful for any person residing within the limits of the City of Herrin to use a horse-drawn vehicle for hire in the transportation of persons within the city unless a license were procured in the manner provided by the ordinance was invalid, because it discriminated between residents and nonresidents of the City of Herrin, but the court held that such objection to the ordinance was not well taken and under the authority of *Heartt v. Village of Downers Grove, supra,* sustained the ordinance in question.

A consideration of the above authorities necessarily leads us to the conclusion that the City of Benton had no power under the statute to pass the ordinance in question so far as it involved or applied to a nonresident, and that therefore the judgment against appellant, who was a nonresident, cannot be sustained.

The entire brief and argument of appellee is devoted to the contention that there is nothing before this court for a review in this record, for the reason that the case was tried by the court without a jury, and that no propositions of law were submitted to the court upon the trial. This contention cannot be sustained. There was formerly some apparent confusion

concerning the extent to which questions of fact could be reviewed by a court of appeal in a case which was tried before a court without a jury and in which no propositions of law had been submitted. The Supreme Court in the case of *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.*, 300 Ill. 162, distinguished between the cases which seemed to be in confusion on this question and there held that the rule contended for by appellee in this case applied only to cases which came to the Supreme Court through the Appellate Court and did not apply either to cases appealed directly to the Supreme Court or to cases appealed to the Appellate Court from a lower court. Under this authority this court must consider, as we have done, the question whether the undisputed evidence presented on the record is sufficient to support the judgment of the trial court.

The judgment of the trial court will be reversed, and as, in our opinion, the ordinance upon which the prosecution was based is invalid, the cause will not be remanded.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment. We find from the uncontroverted evidence in this case that appellant was not a resident of the City of Benton and therefore was not subject to the provisions of the ordinance in question.