(No. 17125.—Decree affirmed.)
J. B. Roe et al. Appellants, vs. The City of Jackson-
ville, Appellee.

*Opinion filed December 16, 1925.*

1. Municipal corporations—*use of vehicles on the streets is a proper subject of license taxation.* The right or privilege of using vehicles on the streets of a city is a proper subject of license taxation, but the legislature has the paramount authority and control of the streets and is also the supreme and absolute power in matters of taxation so long as it does not attempt to exercise such power in violation of the constitution.

2. Same—*section 26 of Motor Vehicle act, authorizing cities to require licenses of resident owners of motor vehicles, is valid.* Section 26 of the Motor Vehicle act, authorizing cities to require certain license fees of resident owners of motor vehicles driven upon the streets of such cities, applies alike to vehicles driven for pleasure and for hire and is not invalid. (*Heartt v. Village of Downers Grove,* 278 Ill. 92, followed.)

3. Constitutional law—*one cannot complain of provision of ordinance which does not apply to him.* A party cannot question the validity of a provision of an ordinance which is not applicable to him.

Appeal from the Circuit Court of Morgan county; the Hon. Frank W. Burton, Judge, presiding.

L. E. Stone, for appellants.

Walter Bellatti, City Attorney, for appellee.

Mr. Justice Heard delivered the opinion of the court:

December 22, 1924, the city council of the city of Jacksonville passed an ordinance, section 1 of which provided: "That every owner of a wagon, motor vehicle, motor bicycle or other vehicle, who, if a natural person or persons, resides within the corporate limits of the city of Jacksonville, Illinois, or who, if a firm or corporation, maintains and conducts its principal place of business in Illinois within the

corporate limits of the said city of Jacksonville, Illinois, shall be required to pay each year to the city of Jacksonville, Illinois, a tax or license fee for the use of each such wagon, motor vehicle, motor bicycle or other vehicle used within said city." The ordinance also provided that all such tax, when collected, should be used for the purpose of improving, paving, repairing or maintaining the streets within such city. Appellants filed their bill in the circuit court of Morgan county for an injunction to restrain appellee and its servants from proceeding in any manner toward the collection of the tax or license fee prescribed by the ordinance, on the ground that the ordinance is unconstitutional and invalid. Issue having been made, upon final hearing a decree was entered dismissing appellants' bill for want of equity, from which decree an appeal has been perfected to this court.

Two questions are raised upon this appeal: (1) Does section 26 of the Motor Vehicle act give authority to cities to charge a license fee or tax for motor vehicles not driven for hire? (2) If so, is said section constitutional?

It has long been the settled law of this State that the right or privilege of using vehicles on the streets is a proper subject of license taxation. (*Gartside* v. *City of East St. Louis,* 43 Ill. 47.) In the case of *City of Chicago* v. *Collins,* 175 Ill. 445, it was held that as the law then stood the city of Chicago had no power to require a license for private vehicles used on the streets of the city nor to impose a tax by way of license. At the time of the passage of the ordinance then under consideration the right of the use of the streets had not been made a subject of license taxation by act of the legislature, which has the paramount authority and control of the streets and is also the supreme and absolute power in matters of taxation so long as it does not attempt to exercise such power in violation of the constitution. Thereafter the legislature enacted an amendment to paragraph 96 of section 1, article 5, of the City and Vil-

lage act, which is the section enumerating the powers of cities and villages, as follows:

"*Ninety-sixth*—To direct, license and control all wagons and other vehicles conveying loads within the city, or any particular class of such wagons, and other vehicles, and prescribe the width and tire of the same, the license fee when collected to be kept as a separate fund and used only for paying the cost and expenses of street or alley improvement or repair."

Thereafter, in *Harder's Storage Co.* v. *City of Chicago,* 235 Ill. 58, (a case brought to test the constitutionality of the "wheel tax" ordinance passed by the city of Chicago and the statute under which the ordinance was passed,) this court, after an extended resume of authorities, held that the legislature might authorize a license fee to be imposed and the fee for such license collected with a view for revenue only, and that the power of the legislature to grant to the municipalities of the State the right to exact a license fee from all persons, firms or corporations using wagons or vehicles upon their streets is not limited by the constitution, except that the power shall be exercised by a general law uniform as to the class upon which it operates. In 1911 the Motor Vehicle law of the State was amended, and thereafter, in *City of Chicago* v. *Francis,* 262 Ill. 331, it was held that a city could not compel the owner of a motor vehicle not a motor truck or motor-driven commercial vehicle to display upon such vehicle any number other than the number of the registration seal issued by the Secretary of State, and that an ordinance requiring the owner of such vehicle to display the number corresponding with the city license was in conflict with section 12 of the Motor Vehicle act and void. In *City of Lincoln* v. *Dehner,* 268 Ill. 175, the court held that an ordinance requiring the owner of an automobile not a truck or commercial vehicle to pay an annual license fee for such automobile was in direct conflict with section 12 of the Motor Vehicle act of 1911 and

therefore invalid. In *Heartt* v. *Village of Downers Grove,*
278 Ill. 92, in commenting upon these and similar cases,
the court said: "It was stated in the opinion in more than
one of these cases, that it was the manifest purpose of the
legislature in enacting the law of 1911 with reference to
motor vehicles, to bring the whole subject of regulating the
use of motor vehicles under the control of the State; that
automobiles were extensively used in making tours of con-
siderable distance, in which many cities, villages and towns
would be visited; that the legislature did not intend that
the owner of an automobile should be held up and made
to pay a license fee or tax by the authorities of every city,
town or village which the owner visited or passed through."
In the same case, in passing upon the validity of section 12
of the Motor Vehicle act as amended in 1915, the provisions
of which are the same as section 26 of the Motor Vehicle
act in force when the ordinance here in question was
passed, the court held that the provision that no municipality
shall require non-resident owners of motor vehicles to pay
a license fee for the use thereof and limited the fee to be
exacted from resident members, was based on a reasonable
and valid classification and was not unconstitutional. In so
holding and construing the meaning of this section the court
said: "The reading of amended section 12 of the Motor
Vehicle law shows plainly that the legislature enacted this
amended section for the express purpose of complying with
the rules laid down in the decisions just referred to and
with the intention of making clear just when the local
municipalities could require a license fee or tax from motor
vehicles. The classification provided by said section 12 be-
side that of the residence of the owner is (1) motor trucks,
motor-driven commercial vehicles and motor vehicles used
for public hire; and (2) motor vehicles not belonging to
the first mentioned class and motor bicycles. The latter por-
tion of this section has reference to the amount of the tax
or license fee which may be required from residents of the

municipality imposing such tax or fee. It limits the amount which may be levied on residents for the class of vehicles designated above as class 2 and does not prescribe the maximum amount for class 1." In *Robbins* v. *City of Herrin,* 293 Ill. 133, and *Parsons* v. *City of Herrin,* id. 218, it was held that an ordinance making it unlawful for any residents of a city to use horse-drawn vehicles for hire upon the streets or alleys without a license was not invalid as discriminating between the residents and non-residents of the city.

Section 26 of the Motor Vehicle act in effect at the time of the passage of the ordinance in question was as follows: "No owner of a motor vehicle or motor bicycle who shall have obtained a certificate from the Secretary of State and paid the registration fee as hereinbefore provided, shall be required by any city, village, town or other municipal corporation within the State other than that within which said owner resides to pay any tax or license fee for the use of such motor vehicle or motor bicycle; and no owner of a motor vehicle except motor trucks and motor-driven commercial vehicles and motor vehicles which are used for public hire, or motor bicycle, who shall have obtained such certificate and paid such fee shall be required by the city, village or town within which he resides (if he resides within a city, village or town), to pay a tax or license fee for the use of such motor vehicle or motor bicycle in excess of the sum of ten dollars per annum for motor vehicles or motor bicycles of thirty-five horse power or less or in excess of the sum of twenty dollars per annum for motor vehicles or motor bicycles of more than thirty-five horse power in [case] such city, village or town within which he resides shall have a population of 150,000 or over, or in excess of the sum of five dollars per annum for motor vehicles or motor bicycles of thirty-five horse power or less or in excess of the sum of ten dollars per annum for motor vehicles or motor bicycles of more than thirty-five horse power in

case such city, village or town within which he resides shall have a population of less than 150,000. The proceeds of all fees so collected by any city, town or village shall be used for the purpose of improving, paving, repairing or maintaining the streets and other public roadways within such city, town or village and shall never be devoted to any other use whatever: *Provided,* that the actual cost of the collection of such fees and the disbursement thereof may be deducted from the total amount collected." (Smith's Stat. 1925, p. 1825.)

The provisions of this section are general and apply alike to motor vehicles used for pleasure and for hire. The provisions are the same as those under discussion in *Heartt* v. *Village of Downers Grove, supra,* and what is there said applies with equal force in this case. The constitutional questions raised in this case are all of them fully discussed in the cases cited.

It is contended by appellants that by the provisions of the ordinance in question a license fee is levied upon partnerships having their principal places of business in the city and whose members reside out of the city. There is no evidence in the record that at the time of the passage of this ordinance there was in the city of Jacksonville any partnership with its principal place of business in the city whose members resided outside of the city. Appellants, however, are not in a position to raise that question in this case as all of them reside in the city of Jacksonville. None of them are affected by this provision so far as this record shows, and they have no right to challenge its validity. *Moy* v. *City of Chicago,* 309 Ill. 242.

The ordinance in question is not invalid for the reasons alleged, and the court did not err in dismissing appellants' bill for want of equity.    *Decree affirmed.*