THE CITY OF LINCOLN, Appellant, *vs.* JOHN B. GERARD, Appellee.

*Opinion filed February 24, 1928—Rehearing denied April 16, 1928.*

1. MUNICIPAL CORPORATIONS—*ordinance requiring license for use of vehicles on streets is valid.* An ordinance requiring every resident owner of a vehicle to pay a tax or license fee for the use of such vehicle within the city is valid, as the right or privilege of using vehicles on the streets of a city is a proper subject of license taxation, and although such ordinance refers merely to the use of such vehicles within the city it is a wheel tax ordinance and does not levy a property tax, where it is evident from the entire ordinance that the word "use" means use for travel upon the public streets and highways.

2. SAME—*what is a violation of city wheel tax ordinance.* An ordinance requiring a resident owner of a vehicle to pay a tax or license fee for the use of such vehicle within the city is violated each time such owner uses his vehicle upon the public streets without having paid such tax or license fee, and it cannot be successfully contended in an action of debt for violation of the ordinance that the failure to pay the license constitutes but one offense for which but one penalty can be demanded, regardless of whether the vehicle is used upon a single occasion or daily.

3. SAME—*what penalty for violation of a city ordinance is not unreasonable.* A penalty of from $5 to $100 for violation of a valid city ordinance is not an unreasonable punishment.

APPEAL from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding.

URI KISSINGER, City Attorney, and PETER MURPHY, for appellant.

HAROLD F. TRAPP, for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Appellant, the city of Lincoln, brought an action of debt in the circuit court of Logan county against John B. Gerard, appellee, and filed therein its declaration consisting of five counts, each of which charged an alleged violation of a city ordinance of the city of Lincoln. Appellee filed a general and a special demurrer to the declaration, which were sustained by the court. Appellant elected to stand by its declaration, and the court thereupon entered judgment in favor of the defendant that the plaintiff take nothing by its writ. From that judgment appellant prayed an appeal to this court, which was allowed, the circuit court certifying that the validity and constitutionality of an ordinance were involved and that the public interest required that the appeal be taken directly to this court.

Section 1 of the ordinance provides as follows: "That every owner of a wagon, motor vehicle, motor bicycle or other vehicle, who, if a natural person or persons, resides within the corporate limits of the city of Lincoln, Illinois, or if a firm whose members reside within the corporate limits of said city of Lincoln, or if a corporation that maintains and conducts its principal place of business in Illinois within the corporate limits of said city of Lincoln, shall be required to pay each year to the city of Lincoln, Illinois, a tax or license fee for the use of such wagon, motor vehicle, motor bicycle or other vehicle used within said city of Lincoln."

It is contended by appellee that the ordinance in this case is purely a revenue measure seeking to enforce payment of a tax upon property, and that the constitution of Illinois permits a tax upon property only upon a valuation fixed, as provided by general law, for the valuation of

property for assessment of taxes. This section of the ordinance is the same as the ordinance in question in *Roe* v. *City of Jacksonville,* 319 Ill. 215, where it was held that the right or privilege of using vehicles on the streets of a city is a proper subject of license taxation. This has long been the settled law of this State. (*Gartside* v. *City of East St. Louis,* 43 Ill. 47.) The ordinance in question is not an ordinance levying a property tax but is what is known as a wheel tax ordinance, which is within the power of a city to enact. *Heartt* v. *Village of Downers Grove,* 278 Ill. 92; *Harder's Storage Co.* v. *City of Chicago,* 235 id. 58; *Harder* v. *City of Chicago,* 235 id. 294; *Robbins* v. *City of Herrin,* 293 id. 133; *Parsons* v. *City of Herrin,* 293 id. 218.

It is contended by appellee that the ordinance in question does not tax the privilege of using the vehicle upon the public streets but imposes a tax upon all use of the vehicle in the city, and that this is in violation of the constitution of the State. The penalty clause of this ordinance is as follows: "That any person, firm or corporation violating any of the provisions of this ordinance shall be fined not less than five ($5) dollars nor more than one hundred ($100) dollars for each and every offense, and each day any wagon or vehicle is used upon the streets, avenues or alleys of said city without having been duly licensed according to the provisions of this ordinance shall be considered a separate and distinct offense." In construing an ordinance the entire ordinance is to be considered, together with reference to the purpose for which it purports to have been enacted. The vehicles the use of which is required to be licensed, are all of them vehicles whose normal use is in travel upon the public streets and highways. In *City of Chicago* v. *Shaw Livery Co.* 258 Ill. 409, in construing section 12 of the Motor Vehicle act of 1911, which prohibited a municipal authority from passing any ordinance limiting or restricting the use or speed of motor vehicles, it was held

that the word "use" was not there used in its broadest sense but was limited to mean the mere driving of the machine over and along the streets of municipalities. It is evident from the reading of the entire ordinance in this case that the word "use," as used therein, means use for travel upon the public streets and highways, and the ordinance is not subject to this objection.

It is contended by appellee that the license or tax in question is upon the privilege of using motor vehicles on the streets during the term from August 1, 1927, to January 1, 1928, and that the use of a motor vehicle upon the streets during said term, whether such use be on a single occasion or daily, is but one offense, for which but one penalty could be demanded. While the license or tax provided by the ordinance is but a single tax or license for the entire term, the violations with which appellee was charged in the declaration were not for failing to pay the tax or license, but were for using and driving his motor vehicle in, upon and along certain of the public streets of the plaintiff city, and that at the time he so used his motor vehicle and drove the same in, upon and along the public streets of the city he had not paid the license fee by the ordinance required to be paid. The question is analogous to that involved under the old Dram-shop act, which provided for the licensing of dram-shops and then provided a penalty for selling intoxicating liquor without having obtained a license to keep a dram-shop. Under that law there was but one continuing failure to obtain the license, but every sale of intoxicating liquor without having such license was a separate offense. In this case every time appellee used or drove his motor vehicle upon the public streets of appellant he was guilty of a separate violation of the ordinance.

It is contended by appellee that the penalty fixed by the ordinance is unreasonable and in contravention of the provision of the constitution which provides that all penalties shall be proportioned to the nature of the offense. A pen-

alty of from $5 to $100 for a violation of a city ordinance is not an unreasonable punishment.

We have carefully examined all of appellee's contentions against the validity of the ordinance and do not find that any of them are well founded.

The ordinance in question being a valid ordinance, appellant's declaration stated a good cause of action and the court erred in sustaining appellee's demurrer thereto. The judgment of the circuit court is therefore reversed and the cause remanded to that court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*