(No. 45488.—

JOHN E. GILLIGAN *et al.,* Appellees, v. BERNARD KORZEN, County Treasurer, *et al.,* Appellants.

*Opinion filed January 31, 1974.—Rehearing denied March 28, 1974.*

388

SCHAEFER, J., dissenting.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Chief of Civil Division, and John A. Dienner III, and Paul P. Biebel, Jr., Assistant State's Attorneys, and Allen Fulkerson (Graduate Law Student), of counsel), for appellants.

Kreger & Karton, Ltd., and Edward A. Berman, both of Chicago, for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, John E. Gilligan, Cook County School Bus, Inc., an Illinois corporation, and Prospect Heights Improvement Association, a not-for-profit corporation, "individually and in a representative capacity on behalf of all others similarly situated," filed this action in the circuit court of Cook County naming as defendants Bernard Korzen, County Treasurer and Collector, and the County of Cook, and seeking a declaratory judgment that "an ordinance to provide for a wheel tax on motor vehicles in unincorporated areas of Cook County" was unconstitutional. The ordinance in question, approved and adopted by the Board of Commissioners of Cook County on December 30, 1971, to become effective on January 1, 1972, provided that it was unlawful "for any motor vehicle owner residing within the unincorporated areas of

Cook County to use *** any motor vehicle upon the public ways of the unincorporated areas of Cook County" unless the fee prescribed by the ordinance has been paid with respect to that vehicle.

Plaintiffs' complaint alleged that the ordinance violated the equal protection and due process clauses of the Federal Constitution and section 2 of article I of the 1970 Illinois Constitution; that the tax was a privilege tax which Cook County, as a home-rule unit of government, had no authority to impose under section 6(e) of article VII of the Illinois Constitution without prior authorization from the General Assembly; and that the ordinance violated section 2 of article IX of the Illinois Constitution, which provided that "In any law classifying the subjects or objects of non-property taxes or fees, the classes shall be reasonable and the subjects and objects within each class shall be taxed uniformly." The complaint was filed before our decision in *S. Bloom Inc. v. Korshak,* 52 Ill.2d 56, which rejected contentions similar to those alleged by plaintiffs with respect to section 6(e) of article VII of the Illinois Constitution and they do not further challenge the validity of the ordinance on those grounds. The circuit court, upon allowance of plaintiffs' motion, issued a temporary injunction restraining the defendant, Bernard J. Korzen, County Treasurer, from disbursing or distributing any monies collected under the ordinance and further directing that the funds collected be kept "in a separate or 'protest' interest bearing fund" subject to the further order of the court.

Defendants moved to dismiss the action on the grounds that Cook County, as a home-rule unit of government, had authority to impose the tax under section 6(a) of article VII of the Illinois Constitution without authorization from the General Assembly; that the ordinance was an exercise of power pursuant to section 6(*l*) of article VII, which authorizes home-rule units "to levy or impose additional taxes upon areas within their boundaries

in the manner provided by law for the provisions of special services to those areas"; and that the ordinance was violative of neither section 2 of article IX of the Illinois Constitution nor the equal protection and due process clauses of the Federal or Illinois constitutions. The circuit court denied defendants' motion, found the ordinance unconstitutional on its face and found further that there was no just reason for delaying enforcement or appeal from the order (50 Ill.2d R. 304). Defendants appealed to the appellate court, and we allowed their motion filed under Rule 302(b), and ordered that the appeal be taken directly to this court.

Defendants contended in the trial court and contend here that the ordinance is valid as an exercise of the defendant county's power granted under section 6(*l*) of article VII of the Constitution of 1970. This argument is based on the fact that some time after the pleadings had been filed, but before the entry of judgment in the circuit court, the chief executive of Cook County directed the county comptroller to establish a wheel-tax-ordinance revenue account and to use the revenue exclusively for the payment of expenditures incurred by the Cook County sheriff's police department. We need not decide whether the exercise of the power "to levy or impose additional taxes upon areas within their boundaries in the manner provided by law for the provision of special services to those areas and for the payment of debt incurred in order to provide those special services" requires that the special service for which a tax is levied be identified simultaneously with the passage of, or in, the taxing ordinance; it suffices to say that it requires a legislative, not an executive determination, and this ordinance cannot, therefore, be considered as an exercise of the authority to provide special services to which section 6(*l*) of article VII refers. The ordinance in question was obviously drafted and adopted as an exercise of the defendant county's authority under section 6(a); there was no mention of a special service and the executive order directing that the

funds be used exclusively for payment of expenditures incurred by sheriff's police appears to have been an afterthought.

Section 6(a) of article VII provides that "Except as limited by this Section a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power *** to tax;" and we hold that here, as in *Rozner v. Korshak,* 55 Ill.2d 430, 433, the wheel-tax ordinance "is frankly a taxing measure [citations], and is within the power of the City [here County] under section 6(a) of article VII."

This leaves for determination the sole question whether the classification which imposes the tax only upon motor vehicle owners residing within the unincorporated areas of Cook County is reasonable. *Heartt v. Village of Downers Grove,* 278 Ill. 92, involved the validity of an ordinance of the Village of Downers Grove which, in contravention of section 12 of the Motor Vehicle Act (Laws of 1915, p. 592), which provided that no municipality could require a wheel tax from a nonresident, imposed a wheel tax on the residents of the village and on nonresident users of the village streets. In rejecting the village's argument that the legislative classification in the Motor Vehicle Act based on residence within and outside of a municipality was invalid, the court stated: "Ordinances and statutes that provide different provisions for people residing in municipalities from those residing outside are almost universally held valid if the classification is based upon a reasonable distinction." (278 Ill. 92, 96.) The court held that the fact that village residents used the village streets more than nonresidents was a "reasonable distinction" for the classification.

The General Assembly created a similar classification in the enactment of the Municipal Retailers' Occupation Tax Act (Ill. Rev. Stat. 1971, ch. 24, par. 8—11—1) and the County Retailers' Occupation Tax Act (Ill. Rev Stat. 1971, ch. 34, par. 409.1), which authorize, respectively,

the imposition of a tax upon persons engaged in the business of selling tangible personal property at retail in municipalities and counties. The County Retailers' Occupation Tax Act provides that persons engaged in such business in a municipality "shall not be subject to the tax levied by the county board." The distinction between retailers located within incorporated and unincorporated areas of a county is both apparent and reasonable in that the county provides many of the governmental services for retailers in the unincorporated area which a municipality provides for retailers within a municipality. Similarly the county provides many of the governmental services for motor vehicle owners in the unincorporated area which a municipality provides for motor vehicle owners within a municipality. In creating the classification the county board may have considered the fact that only 166,000 of the 5,500,000 residents of Cook County reside in unincorporated areas and that all but three of the municipalities, with a total population of less than 14,000, impose a municipal vehicle license tax (Lindberg, 1971 Statewide Summary of Municipal Finance). The fact that more than 99% of the population of the incorporated areas of Cook County reside in municipalities which already impose a wheel tax is a valid consideration in the establishment of a classification leading to a reasonable system of taxation.

We hold that the adoption of the ordinance was a proper exercise of the power conferred upon the defendant county under section 6(a) of article VII and that the classification created is reasonable and not violative of the equal protection or due process clauses of the Federal Constitution or section 2 of article I or section 2 of article IX of the Illinois Constitution.

The judgment of the circuit court of Cook County is reversed, and the cause is remanded to that court with directions to dismiss the complaint.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE SCHAEFER, dissenting:

What is involved in this case was referred to in the constitutional convention as "differential taxation"—the levy or imposition of a tax upon less than all similarly situated property or persons within the boundaries of the governmental unit levying the tax. (7 Record of Proceedings, Sixth Illinois Constitutional Convention 1579.) That kind of taxation is governed, with respect to home-rule units, by paragraph *l* of section 6 of article VII, which provides: "The General Assembly may not deny or limit the power of home rule units *** to levy or impose additional taxes upon areas within their boundaries in the manner provided by law for the provision of special services to those areas and for the payment of debt incurred in order to provide those special services." Identical language in section 7 of article VII governs the imposition of differential taxation by non-home-rule units.

The "sole question" under the Constitution is not, as the opinion states, whether the differential tax is based upon a reasonable classification. The first question is whether the differential tax has been levied or imposed "in the manner provided by law for the provision of special services", as required by section 6(*l*). I could concur in an opinion which answered that question in the affirmative, pointing out that the classification of persons and area contained in the differential tax ordinance now before us complies with section 6(*l*), since it was not created *ad hoc* by the taxing unit, but rather had been brought into existence by the action of others and had long been recognized by the General Assembly. But I am not able to concur in an opinion which totally disregards section 6(*l*) of article VII of the Constitution.

With respect to the subsidiary question, so long as the proceeds of the tax are effectively segregated and used for the designated special service, a matter that is not disputed in this case, I would not regard the method by which that result is accomplished, legislative or administrative, as particularly significant.