THE VILLAGE OF PARK FOREST, Plaintiff-Appellant, *v.* HOLLEY H. FAGAN, Defendant-Appellee.

First District (4th Division) No. 61771

Opinion filed December 17, 1975.

Richard W. Hall, Village Prosecutor, and Henry X. Dietch, Village Attorney, both of Park Forest, for appellant.

John E. McKeigue, of Hazel Crest, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This appeal is taken from an order of the Circuit Court of Cook County granting summary dismissal on motion of the defendant. The order dismissed complaints of two traffic charges.

The issue is whether the trial court properly construed Illinois' Supreme Court Rule 504, in granting the motion for summary dismissal.

On November 3, 1974, Holley H. Fagan, the defendant, was charged with the offenses of driving while under the influence of intoxicating liquor and failure to do duty upon striking an unattended motor vehicle, in violation of ordinances of the Village of Park Forest. Two traffic tickets were issued at that time by Officer Bailey, and made returnable to the court on January 17, 1975.

Article V of the Illinois Supreme Court Rules provides rules on trial court proceedings in traffic offense trials, and states the return date for a traffic ticket shall be between ten and 45 days from issuance:

"The date set by the arresting officer for a defendant's appearance in court shall not be less than 10 days but within 45 days after the date of the arrest, whenever practicable. * * *" Ill. Rev. Stat. 1973, ch. 110A, § 504.

On January 17, 1975, defendant appeared in court and moved for a dismissal of the cause since the officer made the traffic tickets returnable 75 days after arrest and thereby failed to comply with Illinois Supreme Court Rule 504.

The plaintiff argued, and now argues, it was not practicable for Officer Bailey to schedule the hearing date within 45 days of the arrest, and considering the situation then existing in Park Forest, there was substantial compliance with Rule 504. This argument was and is supported by the following facts, which were stipulated by the parties: (1) at the time of issuance of the tickets, court dates assigned for hearing traffic cases in Park Forest were the first Wednesday and third

Friday of each month; (2) the Presiding Judge of the Sixth District had issued an executive order providing that the appearance date of a traffic citation should not be within 28 days of its issuance, for the convenience of the clerk; and (3) Police Chief William Hanby had instructed his officers not to schedule court cases on dates when the officers were on day duty, so as not to leave the Village partially unpatrolled. Furthermore, plaintiff justified the return date by noting that it was not practicable to schedule the appearance date on any of the possible court days within the ten- to 45-day spread. Plaintiff covers each possible court date preceding the January 17, 1975 issued appearance date, as follows: (1) November 15, 1974—although more than ten days following arrest, was less than 28 days following arrest, and by the Presiding Judge's executive order was not to be used; (2) December 4, 1974 and December 20, 1974—Officer Bailey and the other arresting officers were on day duty, and followed instructions by the Police Chief not to schedule court cases on such days; and (3) January 1, 1975—is a national holiday on which no court was held.

The trial court granted defendant's motion to dismiss the complaint and found the officers were on duty in Park Forest on the December court dates and could have been in court.

Plaintiff filed a petition for rehearing in the trial court. Pursuant to the petition the trial judge heard testimony by Police Chief Hanby that the Village of Park Forest (population approximately 34,000) is patrolled during the day by about four officers, and if the officers are required to be in court it would mean a substantial part of the Village would be unpatrolled.

The judge denied the relief requested in plaintiff's rehearing petition and plaintiff has perfected this appeal.

The Illinois Constitution vests primary powers to regulate pleading, practice and procedure for all Illinois courts in the Illinois Supreme Court:

> "General administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules. * * *" Ill. Const. 1970, art. VI, § 16.

Supreme Court Rule 504 states the appearance date set for a traffic ticket shall not be less than ten days but within 45 days after arrest, whenever practicable.

We hold the Circuit Court of Cook County did properly construe Rule 504, in granting defendant's motion for summary dismissal.

The spirit of the rule cannot be circumvented by overbroad inter-

68

pretation of the rule's general terms. Allowing an executive order by a circuit court judge or the policy of a local Police Department to define the rule's general terms by stretching such terms beyond the boundaries of their limitations would render the rule meaningless. We hold the words "whenever practicable" mean within the ten- to 45-day period.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.