(Nos. 48241, 48338 cons.—

THE VILLAGE OF PARK FOREST, Appellant, v. HOLLEY H. FAGAN, Appellee.—THE CITY OF CHICAGO, Appellant, v. ALOIS SMITH, Appellee.

*Opinion filed October 1, 1976.*

Richard W. Hall, Village Prosecutor, and Henry X. Dietch, Village Attorney of Park Forest, for appellant.

John E. McKeigue, of Hazel Crest, for appellee.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Patrick W. O'Brien, Assistant State's Attorney, of counsel), *amicus curiae.*

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, and Mary Denise Cahill (law student), of counsel), for appellant.

John E. McKeigue, of Hazel Crest, for appellee.

MR. JUSTICE CREBS delivered the opinion of the court:

The issue in these consolidated appeals concerns the proper construction and application of Supreme Court Rule 504, which provides, *inter alia,* that appearance dates in traffic cases shall be set "not less than 10 days but within 45 days after the date of arrest, whenever practicable." Ill. Rev. Stat. 1975, ch. 110A, par. 504.

In No. 48241, the defendant, Holley H. Fagan, was arrested and charged with driving while under the influence of intoxicating liquor and failure to comply with ordinance requirements upon striking an unattended

motor vehicle, in violation of two ordinances of the village of Park Forest. The date of arrest was November 3, 1974, and the arresting officer set an appearance date of January 17, 1975.

Subsequently, the defendant filed a motion to dismiss which set forth the terms of Rule 504, together with the time interval between the defendant's arrest and appearance date. The village of Park Forest, as plaintiff, moved to strike the defendant's motion as being legally insufficient in several particulars. On January 17, 1975, the parties appeared, and the trial court, after consolidating the two motions before it, ordered the plaintiff to go forward on the single issue of establishing that it would not have been practicable to have set the case for trial during the 45-day period. After hearing evidence from the arresting officer on the issue, the trial court determined that it would have been practicable for the officer to have set an appearance date during the month of December, 1974. In accordance with that determination, the court granted the defendant's motion to dismiss. The plaintiff thereupon filed a motion for rehearing and, after receiving additional testimony offered by the plaintiff, the trial court denied that motion.

On appeal, the Appellate Court for the First District affirmed. (*Village of Park Forest v. Fagan*, 35 Ill. App. 3d 65.) Declaring that "[t]he spirit of the rule cannot be circumvented by overbroad interpretation of the rule's general terms," the court held that "the words 'whenever practicable' mean within the ten- to 45-day period." (35 Ill. App. 3d 65, 67-68.) We have granted the plaintiff leave to appeal from the judgment of the appellate court.

In No. 48338, the defendant, Alois Smith, was charged with following too closely while driving a motor vehicle, in violation of an ordinance of the City of Chicago. The date of arrest was November 8, 1975, and the appearance date was set for February 2, 1976. On that date, the defendant orally moved to dismiss the complaint,

pursuant to Rule 504. The arresting officer was not present, but the plaintiff City of Chicago produced testimony from the director of research and development of the Chicago Police Department's Data Processing Division. That witness testified to the general difficulties involved in scheduling court dates within the 45-day period. After hearing this testimony, the court ordered the defendant discharged on the authority of the appellate court's decision in *Village of Park Forest v. Fagan.* A motion to allow direct appeal to this court, pursuant to our Rule 302(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 302(b)), was granted, and the two cases were consolidated for purposes of disposition.

Before proceeding to the merits of these appeals, there is a threshold question which must be considered. In No. 48338, the trial court's final order states that the court was entering a finding of not guilty. Since this is a municipal ordinance prosecution, such a finding would not preclude an appeal by the plaintiff. *Village of Maywood v. Houston,* 10 Ill. 2d 117; *Village of Park Forest v. Bragg,* 38 Ill. 2d 225.

Addressing the merits, we note that Rule 504 provides in relevant part that "[t]he date set by the arresting officer for a defendant's appearance in court shall be not less than 10 days but within 45 days *** *whenever practicable*." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 110A, par. 504.) The italicized language clearly indicates that the 45-day period is not meant to be absolute. (*Cf. Cooper v. Hinrichs,* 10 Ill. 2d 269, 273.) Rather, the setting of an appearance date beyond the 45-day period is permissible where assignment of an earlier date would not be practicable. To construe the rule so as to require an appearance date within the 45 days in all instances is to flatly ignore both the plain meaning of the rule and the policy considerations which led to its formulation.

Both appellants argue that the provisions of Rule 504 at issue here should be considered directory and not

mandatory. In *Carrigan v. Liquor Control Com.,* 19 Ill. 2d 230, we stated the rule:

> "Ordinarily a statute which specifies the time for the performance of an official duty will be considered directory only where the rights of the parties cannot be injuriously affected by failure to act within the time indicated. However, where such statute contains negative words, denying the exercise of the power after the time named, or where a disregard of its provisions would injuriously affect public interests or private rights, it is not directory but mandatory." (19 Ill. 2d 230, 233.)

See also *People v. Jennings,* 3 Ill. 2d 125, 127.

Applying these principles to the instant cases, we observe that Rule 504 contains no language which denies the municipality's right to prosecute or the trial court's jurisdiction to hear the case where the appearance date is not timely set. The rule does feature usage of the word "shall," but that word may be defined as "must" or "may," depending upon the context and the intent of the drafters. (*Cooper v. Hinrichs,* 10 Ill. 2d 269, 272; *In re Armour,* 59 Ill. 2d 102, 104.) Nor do we believe that violation of the rule would ordinarily cause any injury to public interest or private rights.

Therefore, we hold that the time limitations in Rule 504 are directory. To comply with the rule, an arresting officer should schedule early appearance dates "whenever practicable," notwithstanding the directory construction we hereby give to the rule.

It is apparent from the record in the instant cases that both trial courts were acting under a misconception regarding the manner in which Rule 504 is to be applied. Consequently, we reverse the judgment of the appellate court and the judgments of the circuit court of Cook County and remand the causes to the trial courts for further proceedings consistent with this opinion.

*Reversed and remanded.*