THE VILLAGE OF HOFFMAN ESTATES, Plaintiff-Appellee, *v.* UNION OIL COMPANY OF CALIFORNIA, Defendant-Appellant.

First District (1st Division)   No. 76-1477

Opinion filed December 19, 1977.

Michael E. Bufkin, of Palatine, for appellant.

Richard N. Williams, of Hoffman Estates, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is a prosecution by the Village of Hoffman Estates (hereinafter referred to as Village) of an alleged violation of Village ordinances which

require the display of a Village vehicle sticker on the windshield of a vehicle registered to an address in the Village. The defendant, Union Oil Company, a California corporation, owned the vehicle in question and registered it to the address of its offices in the Village. The vehicle, however, had no valid vehicle sticker of any type displayed. After a hearing, the trial court found the Village ordinance to be valid and applicable and fined defendant $20 plus $5 court costs.

Defendant now appeals and contends as follows: (1) that the history of the Illinois Vehicle Code shows a clear-cut purpose to provide a comprehensive regulatory scheme concerning the licensing of motor vehicles by municipalities and that the imposition of a vehicle tax based upon the vehicle's registration with the Secretary of State has been excluded by this broad regulatory scheme; (2) that the instant vehicle tax is not authorized by plaintiff's home-rule powers; and (3) that the hearing date, 94 days after the citation was issued, was untimely under Supreme Court Rule 504, which requires a hearing within 10 to 45 days of arrest whenever practicable.

We affirm.

The relevant facts surrounding the instant appeal are undisputed. A police officer of the Village of Hoffman Estates, a home-rule unit, issued a citation to an employee of the Union Oil Company for failing to have displayed a valid vehicle sticker on an automobile owned by the defendant and assigned to the employee. The citation was issued by the "hang-on" method while the automobile was parked at the company's office located at 2060 Stoneington in Hoffman Estates.

The defendant explained that although the vehicle in question displayed no vehicle sticker, it was assigned to a salesman who lives in the Village of Lily Lake, Illinois, and who works out of the defendant's office in Hoffman Estates; that it was the defendant's practice to purchase vehicle stickers from the city or village in which the salesman assigned to the vehicle resides; and that the Village of Lily Lake, the instant salesman's residence, has no ordinance which requires the display of a vehicle sticker.

It was also established at trial that the Union Oil Company is a California corporation with its principal place of business in California, that it has offices in Hoffman Estates and that the vehicle in question is registered with the Secretary of State at the defendant's offices in the Village of Hoffman Estates. The relevant ordinances of the Village of Hoffman Estates provides that since the instant vehicle is registered to an address in Hoffman Estates it shall have a valid vehicle sticker issued by the Village attached to the windshield. Village of Hoffman Estates, Ill., Municipal Code, ch. 5, art. 71, §1, *et seq.*; Village of Hoffman Estates, Ill., Ordinance 695-1975 (1975).

Defendant first contends that the history of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 1—100 *et seq.*) indicates a clear intent to provide a comprehensive regulatory scheme concerning the licensing of motor vehicles by municipalities. Citing specifically section 2—121 of the Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 2—121), defendant argues that this comprehensive regulatory scheme provides for the imposition of a vehicle tax only by the place of residence of the owner or by the place of the situs of the vehicle and excludes the imposition of a "wheel tax" (a common characterization for municipal vehicle license fees) based upon a vehicle's place of registration with the Secretary of State. The Village argues that regardless of the interpretation given section 2—121 of the Vehicle Code, the instant vehicle tax was within its home-rule powers and that the trial court's decision should thus be affirmed.

■■ The Illinois Constitution delineates as follows the powers of a home-rule unit: "Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; *to tax*; and to incur debt." (Emphasis added.) (Ill. Const. 1970, art. VII, §6(a).) The constitution provides for the following limitation of the above broad home-rule powers:

"(e) A home rule unit shall have only the power that the General Assembly may provide by law (1) to punish by imprisonment for more than six months or (2) *to license for revenue* or impose taxes upon or measured by income or earnings or upon occupations."

(Emphasis added.) (Ill. Const. 1970, art. VII, §6(e).) The constitutional commentary provides that "Subsection 6(e)(2) prohibits a home rule unit from licensing for revenue * * * unless authorized to do so by statute." (Ill. Ann. Stat., Ill. Const., art. VII, §6, Constitutional Commentary, at 25 (Smith-Hurd 1971).) The defendant argues that the Village wheel tax ordinance is a revenue ordinance and that under section 6(e) of article VII the Village's home-rule unit power to impose the wheel tax extends only as far as the General Assembly may provide by law. We disagree. This same contention was rejected by the supreme court in *Rozner v. Korshak* (1973), 55 Ill. 2d 430, 303 N.E.2d 389. In *Rozner* the court concluded that the power to regulate and the power to tax are distinct powers although each may be exercised by the imposition of a license fee. The court stated that a " 'Wheel Tax License' ordinance is frankly a taxing measure." (55 Ill. 2d 430, 433, 303 N.E.2d 389, 390.) The supreme court reiterated this holding in *Gilligan v. Korzen* (1974), 56 Ill. 2d 387, 308 N.E.2d 613. Since the Village Wheel Tax Ordinance is a taxing ordinance and not a revenue ordinance the limitations of subsection 6(e) do not apply.

■■ The defendant also argues that the Village's home-rule power to impose a wheel tax is limited by section 2—121 of the Vehicle Code. That section provides, in pertinent part, as follows:

"No owner of a vehicle * * * shall be required by any * * * village * * * within the State other than a * * * village * * * in which the owner resides or in which a vehicle has its situs or base, to pay any tax or license fee for the use of such vehicle.

* * *

However, a resident owner shall not be required to display on his vehicle, the plate or tax or license number issued by the city, village or incorporated town of his residence if his vehicle is displaying the plate or tax or license number issued by the place wherein the vehicle has its situs or base." (Ill. Rev. Stat. 1975, ch. 95½, par. 2—121.)

Defendant concludes that since the situs of the vehicle is Lily Lake and its corporate residency is not in the Village, section 2—121 prevents the instant vehicle tax. It is our decision, however, that section 2—121 of the Vehicle Code does not limit the Village's home-rule power to impose the instant vehicle tax. As stated in *Stryker v. Village of Oak Park* (1976), 62 Ill. 2d 523, 527, 343 N.E.2d 919:

"Since the adoption of the Constitution of 1970 this court has consistently held that an ordinance enacted by a home rule unit under the grant of power found in section 6(a) supersedes a conflicting statute enacted prior to the effective date of the Constitution. [Citations.]"

Indeed, in *Rozner v. Korshak* (1973), 55 Ill. 2d 430, 303 N.E.2d 389, the supreme court considered the specific question of whether the section 2—121 of the Vehicle Code, in existence prior to the 1970 Constitution, was superseded with respect to home-rule units. The court concluded as follows:

"* * * And for many years section 2—121 of the Illinois Vehicle Code, and its predecessors, had provided that the owner of a motor vehicle who had obtained a State vehicle license should not be required, by any municipality other than the one in which he resides, to pay a tax or license fee for the use of his vehicle. (See, *e.g.*, Ill. Rev. Stat. 1963, ch. 95½, par. 32a; Ill. Rev. Stat. 1971, ch. 95½, par. 2—121.) The limitations contained in these sections were, of course, superseded with respect to home-rule units by the adoption of the constitution of 1970." (55 Ill. 2d 430, 434, 303 N.E.2d 389, 391.)

Defendant, however, cites the fact that the present section 2—121 (effective January 1, 1974) was amended after the adoption of the 1970 Constitution. Defendant urges, in effect, that the General Assembly

reimposed the previous section 2—121 which was superseded by the 1970 Constitution. Defendant stresses that if the General Assembly intended to exempt home-rule units from the motor vehicle regulatory scheme, it presumably would have included specific language to that effect. Section 6(g) of article VII of the 1970 Constitution provides that (with certain exceptions here not pertinent) the General Assembly, by a three-fifths vote, may deny or limit the power of a home-rule unit to tax. (Ill. Const. 1970, art VII, §6(g).) However, a statute enacted subsequent to the Constitution and which purports to limit home-rule powers must, to that effect, be specific. (*Mulligan v. Dunne* (1975), 61 Ill. 2d 544, 338 N.E.2d 6; *Rozner v. Korshak* (1973), 55 Ill. 2d 430, 303 N.E.2d 389.) The present section 2—121 nowhere denotes a specific purpose to limit home-rule powers and we thus do not so interpret section 2—121.

It is our decision that the instant vehicle tax is consistent with a home-rule unit's extensive taxing powers provided for in section 6(a) of article VII of the 1970 Constitution. As stated in *Town of Cicero v. Fox Valley Trotting Club, Inc.* (1976), 65 Ill. 2d 10, 17-18, 357 N.E.2d 1118, 1121:

> "We have consistently held that article VII, section 6(a), confers upon home rule units a broad taxing power. (*Mulligan v. Dunne*, 61 Ill. 2d 544; *Paper Supply Co. v. City of Chicago*, 57 Ill. 2d 553; *City of Evanston v. County of Cook*, 53 Ill. 2d 312; *S. Bloom, Inc. v. Korshak*, 52 Ill. 2d 56.) As we declared in *Mulligan*, '[t]he framers of the 1970 Constitution considered the power to tax as essential to effective home rule and intended that power to be broad.' 61 Ill. 2d 544, 548."

■■ Defendant also raises the spectre of dual taxation for the same vehicle. In the instant case that problem does not present itself because the vehicle in question bears no valid vehicle sticker of any type. Furthermore, the courts of this State have on numerous occasions approved levies on property by different taxing districts for similar purposes. See *City of Evanston v. County of Cook* (1972), 53 Ill. 2d 312, 291 N.E.2d 823, and cases cited therein.

■■ Defendant's final contention is that the trial court erred in not granting a dismissal of the citation because the court appearance date given defendant, 94 days after the citation was issued, was not within the 45 day maximum limit required by Supreme Court Rule 504. Supreme Court Rule 504 provides in part:

> "The date set by the arresting officer for a defendant's appearance in court shall not be less than 10 days but within 45 days after the date of the arrest, whenever practicable. It is the policy of this court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense should be granted a trial on the merits of the appearance date set by the

arresting officer. Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance." (Ill. Rev. Stat. 1975, ch. 110A, par. 504.)

We initially note that the supreme court in *Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 356 N.E.2d 59, recently construed the words "whenever practicable" in Rule 504 to indicate that the 45 day period was not meant to be absolute. The court stated that "the setting of an appearance date beyond the 45-day period is permissible where assignment of an earlier date would not be practicable." (64 Ill. 2d 264, 267, 356 N.E.2d 59, 61.) If Rule 504 applies to the instant case, then *Fagan* would mandate a remand for the purpose of determining whether an appearance within 45 days of the issuance of the citation was practicable. However, it is our decision that Rule 504 has no application to the prosecution of the instant vehicle sticker violation.

The clear wording of Supreme Court Rule 504 indicates that the Rule involves only those cases where an arrest has occurred. It speaks of a date set by the *arresting* officer after the date of the *arrest*. An arrest involves the authority to arrest, the assertion of that authority with the intent to effect an arrest and the restraint of the person to be arrested. (*People v. Colon* (1973), 9 Ill. App. 3d 989, 293 N.E.2d 468.) Although the record is silent as to how the instant citation was served, both parties agreed during oral argument that service was effected through the "hang-on" method. There is no indication that the police officer who served the citation intended to effect an arrest or restrained the defendant in any way. The instant situation, in which no arrest was effected and in which the citation was served by the "hang-on" method, is not within the ambit of Supreme Court Rule 504. This decision, we believe, is supported by the fact that Supreme Court Rule 504 mentions traffic and conservation offenses. The instant offense is neither. Although defendant argues that the instant offense is a traffic offense, Supreme Court Rule 501 excludes from the definition of traffic offense "cases in which a traffic ticket was served by 'tie-on', 'hang-on', or 'appended' methods * * *." Ill. Rev. Stat. 1975, ch. 110A, par. 501(e).

For the foregoing reasons, we affirm the decision of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.