THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID FANCHER, Defendant-Appellant.

Third District   No. 77-233

Opinion filed January 17, 1978.

Jane Hartley Pratt, of Love, Beal and Pratt, of Monmouth, for appellant.

Stephen Landuyt, State's Attorney, of Oquawka (James E. Hinterlong and Robert M. Hansen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the order of the circuit court of Henderson County denying defendant's motion to dismiss an arresting officer's affidavit in an implied consent action under the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1). Defendant-appellant contends on this appeal the implied consent action should be dismissed because the sworn statement of the arresting officer was insufficient to comply with the statutory requirements. (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1(d).) Plaintiff-appellee contends this appeal should be dismissed because defendant has no right of appeal.

Defendant, David Fancher, was issued an Illinois citation and

complaint charging him with driving under the influence of liquor in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501). Defendant refused to take and complete the test for chemical analysis of his breath to determine the alcoholic content of his blood as provided for in section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1). A report and affidavit of the arresting officer was filed with the clerk of the Circuit Court of Henderson County. Pursuant to section 11—501.1 of the aforesaid cited statute, defendant subsequently was forwarded a copy of notice that report would be made to the Secretary of State which would automatically result in a suspension of his driving privileges for at least three months, unless he requested the implied consent hearing. Defendant's subsequent request was granted and at the hearing he objected to the sworn statement of the arresting officer because this officer's statement did not include the language "* * * such test was made as an incident to and following the lawful arrest for an offense as defined in Section 11—501 of the Act * * *." The trial court found the sworn statement of the arresting officer did not contain the exact language cited, but denied defendant's motion to dismiss. It is from this denial defendant appeals.

The first issue to be dealt with on this appeal is whether defendant can appeal from the denial of his motion to dismiss the affidavit and action. The People argue the denial of a motion to dismiss is not a final and appealable order. (*People v. American National Bank & Trust Co.*, 32 Ill. 2d 115, 203 N.E.2d 897.) This case did hold the denial of a motion to dismiss is not a final and appealable order. However, it also held certain portions of the order fell within the ambit of the section of the Civil Practice Act which provided the court could enter a final order, judgment or decree as to one or more claims only upon an express finding there was no just reason for delaying enforcement or appeal. (Ill. Rev. Stat. 1963, ch. 110, par. 50(2).) The court also held that in view of the trial court's express finding, the jurisdictional prerequisites were satisfied. We note the court in the instant case found "* * * that there is no just reason for delaying enforcement or appeal."

The People cite *People v. Dodd*, 51 Ill. App. 3d 805, 367 N.E.2d 239, for the proposition that an adverse finding, and not merely a denial of a motion to dismiss, was not a final order. Defendant correctly points out two distinctive features of the *Dodd* case, namely, one, that in *Dodd* defendant was seeking review of the revocation of his license, and two, the trial court found there had been compliance with the statutory provisions. In the instant case defendant's license had not yet been suspended and the court specifically found the affidavit of the arresting officer did not contain the precise language of the statute.

The People also cite *Village of Park Forest v. Angel*, 37 Ill. App. 3d 746, 347 N.E.2d 278. The *Angel* case is cited to show an implied consent hearing is civil in nature and therefore an appeal therefrom would be governed by the Supreme Court rules relating to civil appeals. Rule 301 (Ill. Rev. Stat. 1975, ch. 110A, par. 301) states an appeal follows a final judgment of the circuit court. The People argue that denial of the motion to dismiss in the instant case was not a final judgment.

Supreme Court Rule 304 (Ill. Rev. Stat. 1975, ch. 110A, par. 304) provides that where multiple claims for relief are involved in an action an appeal may be taken from a final judgment as to one or more but fewer than all of the claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Accordingly, since we have an express finding in the instant case as to there being no just reason for delay, and in light of the fact that an implied consent hearing is a civil hearing, the determinative question is whether the denial of defendant's motion to dismiss was a final judgment.

■■ In the instant case the finding of fact by the trial judge and its denial of defendant's motion to dismiss was a final judgment since it finally determined for judicial purposes that although the contents of the statement of the arresting officer were not in exact compliance with the statutory requirement, this did not require a dismissal as a matter of law. There is no revocation or suspension involved in the instant case. Unlike the usual judgment denying a motion to dismiss a complaint, where the judge in a case under the statute involved here rules against petitioner, there are no further hearings either evidentiary or otherwise. In light of the specific finding of the trial court that there is no just reason for delay or enforcement of this order and in light of the fact that to hold otherwise would be to make the trial court a hearing body for the administrative agency, we hold that the court's finding in this case was a final judgment and since the court found that there was no just reason for delay, there is an appealable order. Accordingly, we may now treat the substantive issue on this appeal.

■■ The second issue is whether the failure of the affidavit of the arresting officer to contain the language "* * * that such test was made as an incident to and following the lawful arrest for an offense as defined in section 11—501 of the Act * * *" requires as a matter of law that the implied consent hearing be dismissed. The statute reads in pertinent part:

"(d) * * * Such sworn statement shall include a statement that the arresting officer had reasonable cause to believe the person was driving the motor vehicle within this State while under the influence of intoxicating liquor and that such test was made as an incident to and following the lawful arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal

code, and that the person, after being arrested for an offense arising out of acts alleged to have been committed while so driving refused to submit to and complete a test as requested orally and in writing as provided in paragraph (a) of this Section. * * *" (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.1(d).)

Defendant contends the failure of this statement to include the precise language of the statute renders the entire implied consent affidavit defective. The report and affidavit of the arresting officer reads as follows:

"I hereby certify that I have placed the above named person under arrest, and that I had at the time of arrest reasonable grounds to believe that said person was driving a motor vehicle in this state while under the influence of intoxicating liquor in that: HE WAS DRIVING UP THE WRONG SIDE OF THE ROAD WITH A MEDIAN IN THE CENTER OF THE ROAD, ODOR OF ALCOHOL ON BREATH

I further certify that said person did wilfully refuse to submit to the breath analyses when requested to do so in accordance with Section 11—501.1 of The Illinois Vehicle Code, after being informed of the possible consequences of his or her refusal."

All of the language in that affidavit was part of a printed form with the exception of the portion contained in caps. We fail to see how the failure of the statement to use the exact language of the statute, *i.e.*, "* * * such test was made as an incident to and following the lawful arrest for an offense as defined in section 11—501 of this Act * * *" rendered the statement fatally defective. It is clear from the statement the request for the test was made as an incident to and following the lawful arrest for an offense as defined in section 11—501 of the Act, and we refuse to hold that a technical noncompliance with the statutory requirement would render the affidavit defective. We note further that defendant has made no contention that his arrest was in fact unlawful or that it was not for an offense as defined in section 11—501 of the Illinois Vehicle Code.

For the foregoing reasons the judgment of the circuit court of Henderson County is affirmed.

Judgment affirmed.

STENGEL, P. J., and SCOTT, J., concur.