THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
THOMAS V. CASSIDY, Defendant-Appellee.

Third District   No. 77-484

Opinion filed December 21, 1978.—Rehearing denied January 30, 1979.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Joseph R. Napoli and Emmett W. Lally, both of Peoria, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

On January 13, 1977, the defendant, Thomas V. Cassidy, was cited by a Peoria police officer for driving while under the influence of intoxicating liquor and for making an improper left turn. The traffic tickets directed that the defendant appear in court on February 28, 1977, 46 days subsequent to the date of arrest. In addition, following the defendant's refusal to submit to a breath analysis and his subsequent request for an implied consent hearing, the clerk of the court set March 22, 1977, as the date for the implied consent hearing.

On March 14, 1977, the trial court dismissed the traffic tickets for failure to set a court date in compliance with Supreme Court Rule 504 (Ill. Rev. Stat. 1977, ch. 110A, par. 504). Thereafter, after some confusion by the parties and the trial court, the trial court also dismissed the implied consent proceeding. The State filed a timely notice of appeal from these determinations.

After the submission of briefs by both parties, the State has filed a motion to substitute a new reply brief for the one already submitted. That motion was taken with the case and is now granted.

■■ The defendant points to several procedural deficiencies in the State's submission of this case for appeal and suggests that a dismissal of this appeal would be appropriate. Although we do not condone the failures of the State and suggest that such activity deserves censure, the defendant has submitted briefs and presented oral argument and therefore has not been prejudiced by the State's procedural deficiencies. In appeals involving civil actions, of which a hearing on implied consent is one (*People v. Fancher* (3d Dist. 1978), 56 Ill. App. 3d 632, 371 N.E.2d 1291), the failure to serve a copy of the notice of appeal on the appellee does not

deprive the court of appeal of jurisdiction, and absent a showing of prejudice to the complaining party a reviewing court need not dismiss the appeal. (*Echols v. Olsen* (1976), 63 Ill. 2d 270, 347 N.E.2d 720.) The rationale underlying this rule is that the only jurisdictional step in appealing from a decision of the circuit court is the filing of the notice of appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 301.) Since no step in the perfection of a criminal appeal other than the filing of the notice of appeal is jurisdictional (Ill. Rev. Stat. 1977, ch. 110A, par. 606(a); *People v. Allen* (5th Dist. 1977), 49 Ill. App. 3d 108, 363 N.E.2d 892), the rule pertaining to the dismissal of appeals due to procedural deficiencies ought to be the same.

■■■ Only because the defendant has had an opportunity to respond to the State's briefs and argument, and is therefor not prejudiced, do we believe the dismissal of this appeal is unwarranted. Compliance with Rule 322 (Ill. Rev. Stat. 1977, ch. 110A, par. 322), requiring the filing of praecipes for record, is no more jurisdictional than the rule requiring that an appellant serve upon the appellee notice of the filing of the notice of appeal and the date of filing. (Ill. Rev. Stat. 1977, ch. 110A, par. 303(d).) Likewise, as long as the appellee is not prejudiced, the failure to comply with Rule 327 (Ill. Rev. Stat. 1977, ch 110A, par. 327), requiring notice be given the appellee of the filing of the record in the appellate court and the docket number assigned, will not cause a dismissal of the appeal. (See *Roesch-Zeller, Inc. v. Hollembeak* (3d Dist. (1955), 5 Ill. App. 2d 94, 124 N.E.2d 662.) As to the failure of the State to present the report of proceedings to the trial court for certification, the Illinois Supreme Court has recently stated that this requirement also is not jurisdictional and that where "no prejudice is alleged concerning inaccuracies or omissions in the verbatim report of proceedings, the appellate court, pursuant to Rule 329, may amend the record and treat it as having been properly certified." (*Ray v. Winter* (1977), 67 Ill. 2d 296, 303, 367 N.E.2d 678, 682.) In any event, a review of the record establishes that the so-called proposed praecipe and report of proceedings is nothing more than a summary of the issuance of citations and reports, filings of motions and rulings thereon leading up to the appeal. It in no way represents the arguments of the parties at the hearings on the motions nor any statements made by the trial judge from the bench. In short, it is essentially a praecipe of record, not a report of proceedings and, therefore, does not require certification.

Although the defendant complains that he was not able to review the report of proceedings filed by the State, he now has had that opportunity and has appended his brief with an affidavit of additional facts not originally included in the record submitted by the State. Since the defendant has had this opportunity, this court shall consider the record amended by the affidavit and certified as amended.

As a result, we decide to review the case on its merits, refusing to dismiss the appeal. Nevertheless, we strongly disapprove of the unexcused failures on the part of the appellant, People of the State of Illinois, to comply with the Supreme Court Rules adopted to expedite the appellate process. In the future, we will not hesitate to dismiss an appeal where prejudice to the appellee can be shown to have resulted from the noncompliance.

■■ The Supreme Court Rules direct that court appearance dates in traffic cases can not be set less than 10 days after the date of the arrest but must be set within 45 days of the date of arrest, whenever practicable. (Ill. Rev. Stat. 1977, ch. 110A, par. 504.) A failure by the police officer to set a court date within the 10- to 45-day period when practicable may warrant a dismissal of the case. See *Village of Park Forest v. Fagan* (1976), 64 Ill. 2d 264, 356 N.E.2d 59.

In this case, the court appearance was set for the 46th day after the arrest. However, the 44th and 45th days after the arrest, February 26 and 27, 1977, were a Saturday and Sunday, respectively. Our statutes provide that:

"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded." (Ill. Rev. Stat. 1977, ch. 131, par. 1.11.)

This statute has been applied to the speedy trial act. *People v. Solheim* (1st Dist. 1977), 54 Ill. App. 3d 379, 369 N.E.2d 308.

■■ Essentially the criminal issue here is analogous to a speedy trial situation, and although the State has not proven that it was not practicable to set the court date on the 43d or 42d or some other date within the time limit set by the rule, that time limit was extended to the Monday following the 45th day after the arrest by reason of section 1.11 of "An Act to reuse the law in relation to the construction of statutes" (Ill. Rev. Stat. 1977, ch. 131, par. 1.11). This determination requires that the order of the Circuit Court of Peoria County dismissing the traffic citations ordinarily should be reversed and the cause remanded for a new trial. However, there is no evidence in the record that this argument was presented to the trial court and, in fact, was not presented on appeal until the State amended its reply brief. Since the trial court was not given an opportunity to consider this argument, it is waived, and the trial court's dismissal of the traffic citations must therefore be affirmed.

As to the appropriateness of the trial court's dismissal of the implied

consent hearing, this was error. The defendant seems to argue that the implied consent hearing should have been dismissed because he was unaware that two separate proceedings were being had. Upon remandment he will be aware of the separate proceeding.

The statute authorizing an implied consent hearing indicates that the arresting officer files with the clerk of the circuit court a sworn statement that the person arrested has refused to submit to a test or chemical analysis of his breath to determine alcoholic content of his blood, identifying the person arrested, listing his driver's license number and current address and stating the specific circumstances of the refusal.

"Such sworn statement shall include a statement that the arresting officer had reasonable cause to believe the person was driving the motor vehicle within this State while under the influence of intoxicating liquor and that such test was made as an incident to and following the lawful arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a muncipal code, and that the person, after being arrested for an offense arising out of acts alleged to have been committed while so driving refused to submit to and complete a test as requested orally and in writing * * *." (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501.1(d).)

Thereafter, the clerk notifies the person identified in the sworn statement indicating that, unless a hearing is requested within 28 days, his privilege to operate a motor vehicle shall be suspended.

■■ It is the arrested person, not the arresting officer, who requests an implied consent hearing, as did the defendant here, and the arresting officer does not set an appearance date for such a hearing. In fact, no date is set unless the arrested person requests a hearing. These considerations, in addition to the fact that an implied consent hearing is civil rather than criminal in nature (*People v. Fancher* (3d Dist. 1978), 56 Ill. App. 3d 632, 371 N.E.2d 1291), lead to the logical conclusion that the implied consent hearing is outside the intended purview of Rule 504 and can not be dismissed merely because the hearing occurs beyond the 10- to 45-day time limitation for hearing traffic citations.

Furthermore, a dismissal of the traffic charges on a procedural ground such as occurred in this case can not predetermine whether the arresting officer had reasonable grounds to believe that the defendant was driving under the influence of intoxicating liquor. Paragraph 11—501.1(d) requires only a lawful arrest and a refusal by the defendant to submit to a breath analysis or other authorized test. Such elements may have existed even though the traffic citation is dismissed.

Accordingly the order of the Circuit Court of Peoria County dismissing the traffic citations is affirmed, but the order of the Circuit Court of Peoria County dismissing the implied consent hearing is

reversed and the cause is remanded for an independent implied consent hearing.

Affirmed in part and reversed in part and remanded for an implied consent hearing.

STENGEL, J., concurs.

Mr. JUSTICE SCOTT, dissenting:

I am compelled to dissent from the majority opinion filed in this case since I believe the appeal should have been dismissed because of procedural deficiencies on the part of the State.

The deficiencies as I note the same were the failure to serve a copy of the notice of appeal on the defendant-appellee, the failure to file a praecipe for record, and the failure of the State to present a report of proceedings to the trial court for certification. I agree with the majority that none of these deficiencies standing alone would warrant the dismissal of an appeal; however, the cumulative effect of three deficiencies in the procedural process presents a different situation. In the first instance their cumulative effect is to impede the appellate process, and secondly, the defendant-appellee was prejudiced, inconvenienced and required to exercise an unnecessary amount of diligence and industriousness in order to respond to the appeal of the State.

I note that in the majority opinion strong disapproval is expressed regarding the failure of the State to comply with the rules pertaining to appellate procedures. The majority opinion states that in the future this court will not hesitate to dismiss an appeal where prejudice results to an appellee as the result of the appellant's noncompliance with the rules. In the instant case the defendant-appellee was prejudiced in that his task in replying to the appeal of the State was unnecessarily arduous. I fail to understand the rationale of granting relief to future appellees but denying the same relief to the appellee in the instant case.

For the reasons set forth I believe that the appeal of the State should have been dismissed.