THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GERALD S. MEYER, Defendant-Appellant.

Fourth District   No. 4—87—0542

Opinion filed March 9, 1988.

Thomas R. Appleton, of Morse, Giganti & Appleton, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and J. A. C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On July 24, 1987, the circuit court of Sangamon County denied defendant Gerald Meyer's petition for judicial driving permit, finding defendant was not a first offender. Defendant appeals. We affirm.

On January 26, 1987, defendant was placed under arrest for driving under the influence of alcohol (DUI) in violation of section 11—501(a)(2) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2)). At that time, he submitted to chemical tests with a result of a blood-alcohol content of .11. Accordingly, he received a statutory summary suspension pursuant to sections 11—501.1 and 6—208.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, pars. 11—501.1, 6—208.1) for a period of one year.

On June 9, 1987, the DUI charge was dismissed on motion of the State due to insufficient evidence. At the hearing on the petition for judicial driving permit, defendant stipulated that on December 13, 1982, he was placed on court supervision for a DUI offense. The court observed that only first offenders, as defined in the Code, could receive a judicial driving permit. The court then found that defendant was not such a first offender and denied the petition.

Defendant raises two arguments based on his unusual situation of receiving a statutory summary suspension and having the DUI charge dismissed. The first is that the classification in the Code which only allows first offenders to request judicial driving permits is· deficient because in this case, defendant is not a repeat DUI offender, but he also cannot be considered a first offender under the statute. Defendant acknowledges that classifications which affect access to the courts are permissible if the classification is rationally related to the statute's purpose. (*Lindsey v. Normet* (1972), 405 U.S. 56, 70-74, 31 L. Ed. 2d 36, 48-51, 92 S. Ct. 862, 872-75; *Griffin v. Illinois* (1956), 351 U.S. 12, 22, 100 L. Ed. 891, 900-01, 76 S. Ct. 585, 592.) However, he argues that a rational relationship does not exist here.

Defendant also argues due process of law is violated by the statutory summary suspension framework since he receives the same penalty (a one-year suspension of driving privileges) for a statutory summary suspension, which only requires a showing of probable cause, as he would for a DUI conviction, which carries a burden of proof of beyond a reasonable doubt. The basis of both arguments that defendant asserts is that since the DUI charge is dismissed, he should really be treated as a first offender, but due to the "poorly constructed statutory scheme," he is being treated as a second offender.

This premise to defendant's argument is faulty because defendant fails to appreciate the distinction between the civil administrative case (the statutory summary suspension) and the criminal case (the DUI prosecution).

■ It is well accepted that implied-consent proceedings, which are predecessors to our current statutory summary suspension proceedings, are not a part of the criminal action but are, rather, separate and distinct proceedings. (*People v. Golden* (1983), 117 Ill. App. 3d 150, 154, 453 N.E.2d 15, 19; *People v. Cassidy* (1978), 67 Ill. App. 3d 43, 47, 384 N.E.2d 599, 603.) The suspension of the driver's license is an administrative function and is not part of the punishment for driving under the influence of alcohol but merely a regulatory measure. (*People v. Finley* (1974), 21 Ill. App. 3d 335, 340, 315

N.E.2d 229, 232; *People v. Griffith* (1986), 143 Ill. App. 3d 683, 686, 493 N.E.2d 413, 416.) As such, it progresses independently of the related criminal prosecution for DUI and may be held subsequent to the disposition of the criminal charge. (*Golden,* 117 Ill. App. 3d at 154, 453 N.E.2d at 19.) In fact, a dismissal of the charge of DUI does not preclude a suspension of a defendant's driver's license under section 11—501.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1). *Golden,* 117 Ill. App. 3d at 154, 453 N.E.2d at 19.

The Code provides that a person operating a vehicle on the roads of Illinois with a blood-alcohol content of 0.10 or more shall receive a statutory summary suspension. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1.) This is an administrative function of the Secretary of State. (*People v. Adams* (1984), 128 Ill. App. 3d 725, 729, 471 N.E.2d 575, 578.) To comply with due process, a defendant can request a hearing to rescind the statutory summary suspension. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1.) This is a civil proceeding with a civil burden of proof.

■ A person with a statutory summary suspension who is a first offender, as defined by section 11—500 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—500), may petition the court for a judicial driving permit. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—206.1.) A first offender is defined basically as any person who has not received a conviction or has been placed on court supervision for a DUI violation within the last five years. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—206.1.) The legislature has set forth the policy behind the issuance of judicial driving permits:

> "It is hereby declared a policy of the State of Illinois that the driver who is impaired by alcohol or other drugs is a threat to the public safety and welfare. Therefore, to provide a deterrent to such practice and to remove problem drivers from the highway, a statutory summary driver's license suspension is appropriate. It is also recognized, that driving is a privilege and that in some cases the granting of limited driving privileges, within the bounds of public safety, is warranted during this period of driver's license suspension in the form of a judicial driving permit to allow the person to continue employment and drive in connection with other necessary activities where no alternative means of transportation is available." Ill. Rev. Stat. 1985, ch. 95½, par. 6—206.1.

■ It is evident that this statutory framework deals entirely with statutory summary suspensions without regard to the resolution of the companion DUI case. The courts have consistently noted that

the overall purpose of the legislature in enacting the summary suspension scheme was to protect those who travel on our highways and assist in the determination of whether motor vehicle drivers suspected of intoxication are, in fact, under the influence of alcohol. (*People v. Doyle* (1987), 159 Ill. App. 3d 689, 692, 512 N.E.2d 798, 800.) The legislature determined that to effect this purpose, persons receiving a statutory summary suspension who have received a conviction or court supervision for a DUI violation within the last five years are a bad safety risk and not entitled to ask for a judicial driving permit. As noted earlier, the outcome of the companion DUI charge has no bearing on this. This classification clearly has a rational and reasonable relationship to the statutory purpose.

Defendant asserts this result leaves him without a court remedy. He realizes he can request a hearing to rescind his suspension under section 2—118.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1) but notes this only requires a finding of probable cause to sustain the suspension. To sustain the criminal DUI case, he must be found guilty beyond a reasonable doubt. He argues this results in inequity since it is possible for a person, as evidenced by this case, to receive a statutory summary suspension and yet have dismissed or be acquitted of the DUI charge. We can only direct his attention to the earlier discussion showing that the statutory summary suspension and the criminal DUI case are separate creatures, and the result in one does not affect nor is it contingent upon the result of the other.

■ Similarly, we find defendant's due process argument without merit. We again note that the statutory summary suspension and the DUI charge are separate entities with separate penalties. Simply because the penalty in one appears to mirror one of the penalties in the other does not raise questions of due process. We cannot help but note for the edification of defendant that the penalties imposed for each are quite dissimilar. In the case of the statutory summary suspension, the penalty is a suspension of driving privileges for up to one year which will be restored upon completion of the suspension with payment of all appropriate fees. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.1.) In the case of a DUI conviction, a person can receive up to 365 days in jail and/or up to a $1,000 fine, and his driving privileges will be revoked for one year. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.) Upon expiration of the one year, the person convicted of DUI must reapply to receive his license. The Secretary of State must be satisfied that this person will not endanger the public's safety if he is allowed to drive. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.) This can be a time-consuming process, and often the new li-

cense is not issued.

For the reasons stated above, the decision of the circuit court of Sangamon County is affirmed.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.