THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK A. WICKLAND, Defendant-Appellant.

Second District    No. 2—93—1321

Opinion filed December 27, 1994.

Charles W. Smith, of Rosing, Applehans, Smith, Ericksen & Zeit, Ltd., of Waukegan, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

After a bench trial, defendant, Mark A. Wickland, was found guilty of driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 1992)) and was sentenced to one year of conditional discharge and fined $650 plus costs. On appeal, defendant argues that (1) a recent amendment to section 5—6—1(d) of the Unified Code of Corrections (730 ILCS 5/5—6—1(d) (West Supp. 1993)) is unconstitutional and (2) the provisions of the amendment were not sufficiently published to give defendant notice of a change in the law. We affirm.

Section 5—6—1(c) provides that, subject to certain conditions and exceptions, a court may, upon a finding of guilt, defer further proceedings and the imposition of a sentence and order supervision. (730 ILCS 5/5—6—1(c) (West Supp. 1993).) The legislature recently amended section 5—6—1(d)(2) to provide in pertinent part that "[t]he provisions of paragraph (c) shall not apply to a defendant charged with violating Section 11—501 of the Illinois Vehicle Code *** if said defendant has within 10 years prior to the date of the current offense *** been *** assigned supervision for a violation of Section 11—501 of the Illinois Vehicle Code." (730 ILCS 5/5—6—1(d)(2) (West Supp. 1993).) Prior to January 1, 1993, the effective date of the amendment,

the time period limiting eligibility for supervision was only five years. 730 ILCS 5/5—6—1(d) (West 1992).

The offense here occurred on February 5, 1993. In September 1986, defendant received supervision after being charged with DUI. After the trial in the present cause, defendant requested supervision and a declaration that section 5—6—1(d) as amended is unconstitutional. The trial court denied defendant's request for supervision, stating that, but for the recent amendment to section 5—6—1(d), it would have considered ordering supervision.

Defendant argues that the amendment to section 5—6—1(d) violates the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 2) because it creates an impermissible regulatory scheme. Defendant's argument is premised upon the inconsistency between section 5—6—1(d) and section 11—500 of the Illinois Vehicle Code (Vehicle Code). Section 11—500 states in pertinent part that "[f]or the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean any person who has not had a previous *** court assigned supervision for violating Section 11—501 *** within 5 years prior to the date of the current offense." (625 ILCS 5/11—500 (West 1992).) Section 6—206.1(a) provides that a first offender is eligible to receive a judicial driving permit after a statutory summary suspension of his driver's license. (625 ILCS 5/6—206.1(a) (West 1992).) Section 6—208.1(a) provides for shorter summary suspension periods for first offenders. 625 ILCS 5/6—208.1(a) (West 1992).

A person, such as defendant, who has received supervision for DUI within the past 5 to 10 years is considered a "first offender" in a statutory summary suspension proceeding and therefore is entitled to more lenient treatment but is not eligible to receive court supervision in a related criminal DUI prosecution. Defendant maintains that the different time periods provided for in section 5—6—1(d) of the Code of Corrections and section 11—500 of the Vehicle Code constitute an inconsistent and irrational regulatory scheme in violation of the due process clause.

Defendant relies on *People v. Bradley* (1980), 79 Ill. 2d 410, to support his argument. There, the court recognized that, pursuant to its police power, the legislature has broad discretion to prescribe penalties for offenses. (*Bradley*, 79 Ill. 2d at 417.) The legislature properly exercises such power when the statute at issue is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety, and general welfare. (*Bradley*, 79 Ill. 2d at 417.) In *Bradley*, the court cited the legislative intent of the Controlled Substances Act that drug traffickers are to be punished more severely than those who merely possess drugs. The court then

held that a section of that act which imposed a more severe sentence for the possession of a drug than for the delivery of the same amount of the drug violated the due process clause. *Bradley*, 79 Ill. 2d at 417.

Defendant's claim of an inconsistency of constitutional magnitude ignores the fundamental differences between a statutory summary suspension proceeding and a criminal DUI prosecution. The two proceedings are separate and distinct. The suspension of the driver's license is an administrative function. (*People v. Meyer* (1988), 166 Ill. App. 3d 1030, 1032.) As such, it is not a part of the punishment for DUI but is merely a regulatory measure. (*Meyer*, 166 Ill. App. 3d at 1032.) The summary suspension proceeding is a civil, not a criminal, action. (*People v. Orth* (1988), 124 Ill. 2d 326, 337.) Accordingly, the purposes underlying each proceeding are not necessarily identical. The overall purpose behind the statutory summary suspension scheme is to protect those who travel on the highways. (625 ILCS 5/6—206.1 (West 1992).) The provisions relating to first offenders also reveal that the legislature determined repeat offenders to be a serious safety risk and therefore not entitled to limited driving privileges during the term of the summary suspension. *Meyer*, 166 Ill. App. 3d at 1034.

Although section 5—6—1(d) undoubtedly has the same underlying goals, its purpose also is to punish violations of the criminal law. The legislature reasonably could have concluded that a longer time period was necessary to carry out the statute's purposes. For example, the standard for obtaining a DUI conviction is more stringent than that for preventing the rescission of a summary suspension of a driver's license. (*Meyer*, 166 Ill. App. 3d at 1032.) The legislature reasonably could have determined that reducing the likelihood of receiving supervision was necessary to create an adequate deterrent. Also, a DUI defendant has much to gain by receiving supervision. A first offender in a statutory summary suspension proceeding does not avoid the suspension entirely but merely is eligible to receive a judicial driving permit and a shorter suspension period. On the other hand, a DUI defendant who receives supervision may potentially avoid a criminal conviction, the revocation of his driving privileges, and possible incarceration. (See 625 ILCS 5/11—501(c), (g) (West 1992).) Because granting supervision to a DUI defendant constitutes a greater act of leniency, the legislature reasonably could have concluded that, in order to carry out the purposes of section 5—6—1(d) and the DUI laws, it was necessary to narrow the class of offenders eligible to receive supervision.

■ Unlike the statutory provisions at issue in *Bradley*, section 5—6—1(d) does not clearly contravene the legislative intent underlying the DUI and the statutory summary suspension laws. Al-

though section 11—500 of the Vehicle Code and section 5—6—1(d) of the Unified Code of Corrections may be considered as a comprehensive treatment of the same subject or problem, their purposes are different, and different measures may be required to further those purposes. Contrary to defendant's claim, it is possible to reconcile the different time periods provided for in sections 11—500 and 5—6—1(d). We conclude that section 5—6—1(d) is reasonably designed to remedy the evils the legislature has expressly determined to be a threat to the public. Therefore, defendant's due process argument is without merit.

■ Defendant's second contention on appeal is that, because he committed the offense only 36 days after the effective date of the amendment to section 5—6—1(d) and because the amendment was not yet published in the Illinois Compiled Statutes, he did not have fair warning that the supervision he received in 1986 would prohibit him from receiving supervision for the present offense. Defendant is correct that citizens are entitled to fair warning of the punishment that the State may impose upon those who violate its laws. *People v. Coleman* (1986), 111 Ill. 2d 87, 93-94.

However, the public is generally held to have notice of a bill's contents at the time the bill is passed in its final form. (*Mulligan v. Joliet Regional Port District* (1988), 123 Ill. 2d 303, 316; *City of Springfield v. Allphin* (1978), 74 Ill. 2d 117, 129-30.) Absent a constitutional provision stating that an act cannot take effect until it is published, the law needs no promulgation to take effect. (*In re Application of County Collector* (1973), 12 Ill. App. 3d 12, 15.) In any event, the text of the amendment to section 5—6—1(d) was available in published form well before defendant committed the present offense. Pub. Act 87—1074, eff. January 1, 1993; 1992 Ill. Legis. Serv. 2342, 2343 (West 1992).

In *Coleman*, the court held that a defendant who committed DUI seven months after the effective date of a similar amendment to section 5—6—1(d) had adequate notice of the provisions of the amendment. (*Coleman*, 111 Ill. 2d at 94.) The same reasoning applies here. Defendant committed the offense more than one month after the effective date of the amendment. This, along with a consideration of the rules regarding when the public is deemed to have notice of the provisions of a law, compels us to reject defendant's argument.

For the foregoing reasons, we affirm the judgment of the circuit court of Lake County.

Affirmed.

BOWMAN and COLWELL, JJ., concur.